Metcalfe, J.
This action was brought by the plaintiff below to recover for damages' which she claimed to have sustained through the negligence of the defendant company.
*290 Anna Kazanecka was a passenger on one of the company’s cars going from Youngstown, Ohio, to Newcastle, Pa. The place where she stopped was a regular stopping place of the company’s cars and was on the company’s right of way, and was not at a street crossing. Many passengers alighting at this point were accustomed to cross the tracks of the company to reach the public street, while others would pass along the right of way parallel with the track to another street.
Miss Kazanecka alighted from the car, and, while it was .still standing on the track, passed behind it, intending to cross the parallel track and continue on across the right of way to the street., As she was about to step upon the parallel track she was struck by a car going in the opposite direction from the one from which she alighted. She recovered a verdict in the court of common pleas, and it is claimed that the court below committed error prejudicial to defendant, the present plaintiff in error.
The first exception taken is to the giving of plaintiff’s request to charge, No. 1, which is as follows: “The employes of the defendant knew that at stop seven there was a double track; that the steam railway tracks were close to and upon one side of their tracks, and at least the majority of the passengers leaving said car would go across both tracks of the defendant company. Therefore, it was the duty of the company to keep in mind the rights of its' patrons who were under a necessity of crossing the. tracks in going from the car to their home or elsewhere.”
*291 This request puts upon the -defendant company, while its -car discharging passengers is - standing, the duty of keeping in mind the rights of its passengers after leaving .the car, and of being regardful of their safety while crossing the tracks of the company when a car going in the opposite direction is passing.
Request No. 7 on the part of the defendant was refused. This request is as follows: “The conductor of the East bound car was under no duty to warn plaintiff that cars were approaching or likely to approach from the opposite direction on the West bound track, and he was not negligent in failing to advise her of this fact either while she was alighting from the car -or after she had alighted therefrom, and if you find that he called out a warning to her at the earliest moment .when he discovered that she was going into a- zone of danger upon or near the West bound track, he fulfilled his duty towards her in that situation.”
This raises the question squarely whether or not any duty rests upon the company of its employes to be regardful of the safety of passengers after they have left a car, but are still upon the premises of the company.
Request No. 8 of the defendant was also refused. It is as follows: “The Court says to you, as a matter of law, that this defendant company was not obliged to stop a West bound car before passing the East bound car, but that it had a right to operate its West bound car by and past the standing East bound car while said East bound car was standing at Stop 7.”
*292 It is urged on the part of the plaintiff in error, the stop in question being outside of the limits of a municipal corporation, that the duty of the employes of the company ceased when a passenger alighted, unless the company was aware .of some danger, and that in such case the company would discharge its duty by giving him warning.
Whether the propositions contained in the last two requests and urged upon us in argument are true or not, when applied to a case of a car being operated on the public highway, we do not say, but we do not think they can apply in the case of a car being operated on the company’s right of way, as in this case. The stop where the plaintiff alighted was on the premises of the company. It was not at a crossing at a public street. Alighting passengers were accustomed to cross the tracks to get off of the premises of the company.
We do not say that an absolute duty rested upon the company to stop the car going in the opposite direction when approaching a car from which passengers were alighting. We do say, however, that it was the duty of the company’s employes in charge of the car, if they did attempt at such a time to run past on the parallel track, to have the car under such control that it could be stopped at. a moment’s warning. Of course passengers would not be excused from the duty of using ordinary care, but ordinary care does not require them to anticipate negligence on the part of the company, and it is negligence to so operate a car in such a situation as to endanger the passengers who are leaving the standing car. A passenger has a right to cross the tracks of the company at such a time *293 without anticipating any danger at the hands of ■the company’s servants, and the failure of such passenger to look and listen for the approach of a passing car would not be contributory negligence on his part. If the company undertakes to operate a car past another car, at a place on its own premises where the latter is discharging' passengers, it does so at its own peril and not at the peril of the passengers.
In this position we feel that we are fully sustained by the authorities. The proposition is thus well stated in 3 Thompson on Negligence (2 ed.), Section 2705:
“If a railway carrier discharges its passengers at a place where they have to cross other railway tracks, in order to make their egress from the grounds of the carrier, the carrier owes them the duty of taking reasonable precautions to the end that, while making their egress, they be not struck by other passing trains; and it has been justly held that the passenger, while not absolved from the duty of exercising care for his own safety, has the right to presume that the tracks intervening- between the places where he is obliged to alight and the station will be kept safe while he is crossing; so that the mere fact that he fails to look and listen for an approaching train before attempting to cross, will not necessarily be ascribed to his contributory negligence, and will not prevent a recovery of damages if he is .struck by such a train.”
The above proposition is fully sustained by the authorities in the case of electric as well as steam railways. Bremer v. St. Paul City Ry. Co., 107 *294 Minn., 326, 120 N. W. Rep., 382, 21 L. R. A., N. S., 887; Birmingham Ry., L. & P. Co. v. Landrum, 153 Ala., 192, 45 So. Rep., 198; VanNatta v. People's St. Ry., Elec. L. & P. Co., 133 Mo., 13, 34 So. Rep., 505; Evansville St. Ry. Co. v. Gentry, Admr., 147 Ind., 408, 37 L. R. A., 378; Consolidated Traction Co. v. Scott, Admx., 58 N. J. L., 682; Dobert, Admr., v. Troy City Rd. Co., 36 N. Y. Supp., 105; Capital Traction Co. v. Lusby, 12 App. D. C., 295, and Cincinnati St. Ry. Co. v. Snell, 54 Ohio St., 197.
Complaint is made of the following charge given on behalf of the plaintiff: “If the testimony of plaintiff and her witnesses do not raise a presumption of contributory negligence on her part, then the burden rests upon the defendant company to prove that in the situation not only that she was guilty of contributory negligence, but that such contributory negligence directly and proximately contributed to produce her injury, and if the defendant had thus failed to prove contributory negligence it is your duty to find that the plaintiff was not guilty of contributory negligence.”
It is urged that this charge is wrong for the reason that if the testimony of the plaintiff, and the witnesses introduced on her behalf, raised a presumption of negligence, then it was her duty to remove that presumption by a preponderance of the evidence.
It is true that that is the law, but is it the duty of the trial judge to give it to the jury in that way, under all circumstances; or is it error to give a charge which does not state that it was the duty to remove the presumption by a preponderance of *295 the evidence where the proposition given is sound law and applicable to the case? The law as' stated in this charge is correct and is applicable to the case. It is true it is usually given with the qualifying words, “That if the evidence of the plaintiff created a presumption of contributory negligence, ■then the duty rests upon the plaintiff to remove that presumption,” but we do not think that the omission of those words, from a request to charge is prejudicial error. Besides, the contributory negligence complained of was a failure to look and listen for the approaching car, but the jury found that plaintiff did look and listen, and we have announced it to be the law in this case that a failure on her part to look and listen for an approaching car on the other track would not be contributory negligence on her part, so we think that in either event there was.no error in giving the charge.

Judgment affirmed.

Pollock and Farr, JJ., concur.