THE TUDOR BOILER MANUFACTURING CO. *v.* TEEKEN.

(Decided January 14, 1929.)

*Messrs. Pogue, Hoffheimer & Pogue* and *Mr. Walter W. Helmholz,* for plaintiff in error.

*Mr. Alvin H. Rowe* and *Mr. John A. Scanlon,* for defendant in error.

HAMILTON, P. J. The defendant in error, George Teeken, recovered a judgment for personal injuries, in the court of common pleas, against the Tudor Boiler Manufacturing Company, plaintiff in error here. The boiler company prosecutes error to that judgment.

Teeken was a baker, baking and selling products, and in his bakeshop he used an upright iron boiler, about 2 feet in diameter and about 4 feet in height. The boiler was located on a raised concrete base about 4 feet square. It appears that the boiler needed repairing, and Teeken called up the boiler company to inspect the boiler and see if it could be repaired. The boiler company sent one Peters, its

agent in the contracting for boiler repairs, who investigated the matter and advised Teeken that they could repair the boiler; that they would come and get it and repair it within a specified time for a certain sum of money. This proposition was agreed to by Teeken, and the company sent its man Kennedy with a truck to get the boiler.

There were but two witnesses who testified as to what happened at the bakery when Kennedy went to get the boiler; Teeken testifying in his own behalf, and Kennedy testifying for the defense. It is agreed that the boiler was on a concrete base.

Teeken testified he told Kennedy that he could not handle the boiler alone, and that he should get help; whereupon Kennedy stated that he handled them every day, and could handle it alone. Teeken testified further that he was standing next to his bake oven, about 3 feet from the boiler, when Kennedy proceeded to remove the boiler from the base, in the direction toward the door and away from him; that in handling the boiler he (Kennedy) permitted it to get away from him, letting it fall toward plaintiff, and that he (plaintiff) was not able to escape, the boiler falling on his foot, crushing it.

Kennedy testified for the defense that he went out to the truck to get some blocks to enable him to remove the boiler from the concrete base, and on his return with the blocks Teeken had the boiler on the floor on his leg.

It is apparent that the jury believed Teeken's story rather than Kennedy's.

The case went to the jury, which returned a verdict in favor of Teeken in the sum of $4,000, and judgment was entered on the verdict.

Plaintiff in error specifies seven grounds of error. The first and second grounds go to the question of the right of Peters to make the contract as claimed by Teeken, and assert that, if Peters made such contract, it was beyond the scope of his authority, in that it included removing the boiler from the concrete base. The company claims that that service was never included in its contracts.

One of the officers of the company testified that Peters had authority to make contracts involving the repairs to boilers and the bringing of same to the factory. Considering that the company possessed facilities for handling such a piece of property, heavy and difficult to transport, it would seem that its agent would have the authority to contract for the removal of the boiler from the base.

We are of opinion that the question was one of fact for the jury, and was submitted to the jury under a proper charge of the court.

The fourth specification of error charges that the trial court failed to charge the jury on the question of the plaintiff's own negligence. The court in its charge to the jury stated:

"To state this matter as to the alleged contributory negligence in another way, if you should find that the defendant was negligent in the removal of the boiler, and that that negligence caused injury to the plaintiff; if you should also find that the plaintiff himself was guilty of negligence directly contributing to cause his own injury, then he may not recover."

This charge was sufficient to meet the objection as to the plaintiff's own negligence.

Another point is made that the court erred in sus-

taining objections to counsel for the defendant arguing to the jury from a statement of account for the services rendered Teeken for the repairs of the boiler.

It appears from the record that this statement was sought to be introduced by defendant to show that no charge was made for removing the boiler from the concrete base. An officer of the boiler company was being interrogated regarding the claim for services for removing the boiler as shown by the statement. Thereupon counsel for the plaintiff objected, and stated as his objection that the statement could not be used, as it was a self-serving document. The court sustained the objection, and counsel for defendant reserved an exception, but stated that they would offer the statement as it was, and made a tender of what they expected to prove. The record shows that the statement was then offered, marked for exhibit, and nothing further was said concerning the introduction of it. During the argument, counsel for the defendant was arguing from this statement, when objection was made, and the court refused to permit counsel to argue concerning it. The court thereupon suggested that there seemed to be some misapprehension, and, if that statement was in the record, the court would then, at that time, rule it out. Whether or not the court had the power to rule out the evidence, after the case had gone to argument, it is not necessary to determine. One objection and exception to a subject-matter is sufficient to reserve the question. We are of opinion that the objection to the question was properly sustained, and it did not require a second ruling of the court to exclude it.

Again, it is argued that a certain blueprint was improperly excluded. The record shows that the blueprint was not accurate in measurements and did not properly present the situation. It was therefore properly excluded.

The remaining proposition concerns the charge of the court on the question of contributory negligence, and the burden of proof on that issue. This alleged error raised an important question, and, in view of the wording of the court's charge, requires a somewhat extended consideration. On this question, the court charged:

"Now it is not stated in the answer, but it is claimed in argument that there is evidence here which justifies the defendant in making this claim, and that is, that even if the defendant were negligent —that is if it were under the obligation to remove the boiler—if it were negligent in doing so, directly causing injury to the plaintiff, that the plaintiff still may not recover because the defendant says that the plaintiff was negligent, and that his negligence directly contributed to cause his own injury.

"Now it was the duty of the plaintiff at the time and place to use ordinary care for his own protection. Upon this claim of contributory negligence, as it is called, the burden of proof is upon the defendant who asserts it. The defendant may not prevail upon this defense of contributory negligence unless it proves the same by a preponderance of the evidence."

It is argued by counsel for plaintiff in error, the defendant below, that it was the duty of the court in charging on the question of contributory negligence to give a complete charge; that, after stating

the burden of proof was on the defendant to prove contributory negligence, the court should have gone further and added, "but if plaintiff's own testimony in support of his cause of action raises a presumption of contributory negligence, the burden rests upon him to remove that presumption."

The defendant in error, plaintiff below, argues that there is nothing in the record to show that a presumption of contributory negligence was raised by the plaintiff's own evidence. Defendant in error further argues that, if the question was raised, it was an omission in the charge, and not a commission of error; and being an omission, if counsel for defendant desired such statement, it was the duty of counsel to call the court's attention to it. It is settled law that, where there is an omission in the charge, and counsel remain silent after the end of the charge, they cannot complain of any omission.

It is also the rule that the court must give a correct charge on the issues involved.

Teeken's evidence was to the effect that it was difficult, if not impossible, for Kennedy to handle the boiler alone, and that he stood within a few feet of the boiler while Kennedy was endeavoring to handle it. Whether or not his remaining in the position stated, under all the circumstances, was exercising due care for his own safety, was a question for the jury. We are therefore of the opinion that the question was in the case.

The rule is that the burden of proof is on the defendant to show contributory negligence by a preponderance of the evidence. This rule, however, entitles the defendant to all of the evidence on this question in the case, that produced by the plaintiff

as well as that produced by the defendant. We do not think it necessary to give the charge as suggested in the following language of the Supreme Court: "If plaintiff's own testimony in support of his cause of action raises a presumption of such contributory negligence, the burden rests upon him to remove that presumption" before he can recover. *Baltimore & Ohio Rd. Co.* v. *Whitacre,* 35 Ohio St., 627. This form of charge seems to us to be confusing and to wave the burden back and forth, with the result that it could have no other effect than to mislead the jury. It first places the burden of proof on this question on the defendant, then proceeds to shift it to the plaintiff; then, if plaintiff produces certain evidence, to shift it back to the defendant. The plaintiff at all times being required to prove his case by a preponderance of all the evidence, it would seem the law could be more clearly and simply stated. It is not suggested by the Supreme Court, in stating the rule, who is to determine when the presumption arises. Is it a matter for the court to say when such presumption has been raised by plaintiff's evidence? If so, this would call for an instructed verdict, which course the court in the case of *Baltimore & Ohio Rd. Co.* v. *Whitacre, supra,* says cannot be followed.

As we view the law, supported by the great weight of authority, the rule is that the burden of proof is on the defendant to show contributory negligence, but that the defendant is entitled to all of the evidence in the case, that presented by the plaintiff as well as that presented by the defendant. This, or similar language, has been upheld in the decisions in a great majority of the states, which it is not nec-

cessary to cite in detail. They are collated in 33 L. R. A. (N. S.), in the notes in the case of *Oklahoma City* v. *Reed,* beginning at page 1083.

Had the court given the charge in the instant case as indicated by the Supreme Court on the question of presumption, no error could have been predicated thereon.

Had the court used language as suggested herein, giving the defendant the full benefit of the plaintiff's evidence on the question of contributory negligence, it would not be error. But it will be noted in the last paragraph of the charge that the court separately and distinctly says: "The defendant may not prevail upon this defense of contributory negligence unless *it* proves the same by a preponderance of the evidence"—thereby limiting this defense to the evidence produced by the defendant. The jury may well have thought that they could disregard the plaintiff's evidence of negligence and look alone to the evidence produced by the defendant to raise the question.

As heretofore suggested, counsel for the defendant in error argue that there was no error in the failure to charge on the question of plaintiff's evidence of contributory negligence, for the reason that counsel did not request the charge, and therefore it was but an omission, and not an error of commission. Enough has been said to show that the error is one of commission.

Many cases are cited in the notes in the case of *Oklahoma City* v. *Reed, supra,* at page 1181 of 33 L. R. A. (N. S.), and the proposition may be summed up in this way: It is improper for the court to charge the jury that the burden of proof is upon the

defense to establish the defense of contributory negligence, because such a charge is calculated to lead the jury to believe that they should consider the evidence offered by the defendant alone on that issue.

We have found but one Ohio case in point on this question. That is the case of the *Cleveland Ry. Co. v. McCoy*, decided by the Court of Appeals of Cuyahoga county, November 7, 1927, reported in 28 Ohio App., 318, 162 N. E., 699. In that case, the court charged the jury:

"The burden of showing contributory negligence is upon the defendant, and the defendant in this lawsuit, the Cleveland Railway Company, has to show if contributory negligence is present. That fact is to be determined by you in your study of all the evidence. The burden is upon them. They must show by the same degree of proof, by the greater weight of the testimony, and they must convince the jury, that McCoy was negligent in some respect, and if he was negligent in any respect, and that negligence, combined with the negligence of the defendant, constituted the proximate cause, there can be no recovery."

Judge Vickery discusses the law on the question, and his conclusion is that the charge is misleading and incomplete. The syllabus of the case is as follows:

2. "A charge of court on contributory negligence must be a complete charge, showing both what the duty of plaintiff is respecting the burden of proof and what the duty of defendant is in respect to burden of contributory negligence."

3. "In action for injuries claimed to have resulted from negligent act of street railway em-

ployees, charge as to contributory negligence, requiring defendant to convince jury that plaintiff's negligence contributed to injury, held erroneous as against general exception, being an error of commission.''

In the course of the opinion, Judge Vickery cites the case of *Cleveland Railway Co.* v. *Matrone,* an unreported Cuyahoga County Court of Appeals case, decided by Judges Middleton, Walters, and Sayre, of the Fourth Appellate District, in which the identical question was raised, and there was no request made for a special charge. The judges of the Fourth District held that a charge of contributory negligence, which simply limited the burden of proof to the defendant, without saying anything at all about the presumption to be removed, was an erroneous charge, and that it was an error of commission rather than omission, and the court reversed the case for that reason.

Enough has been said to show the prejudicial error in this charge under consideration. The limiting of the proof of contributory negligence to the defendant, as the charge does, was error requiring a reversal of the case, and for that error the judgment will be reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

CUSHING and ROSS, JJ., concur.