THE MACBARD COAL CO. *v.* BAYLES.

(Decided January 20, 1930.)

*Messrs. Waite, Schindel & Bayless* and *Mr. Herbert Shaffer,* for plaintiff in error.

*Messrs. Freiberg, Simmonds & Forchheimer,* for defendant in error.

HAMILTON, J. This lawsuit grows out of a sales contract, whereby the MacBard Coal Company, a corporation, sold, and, by bill of sale, transferred, its coal business and stock in trade to the MacBard-Bayles Coal Company for $15,000 and the invoice price of the coal on hand and in transit. Ten thousand dollars in cash was paid, and the notes of the MacBard-Bayles Coal Company were given for $5,000, and it is for this unpaid $5,000 and the invoice price of the coal on hand and in transit that the plaintiff, the MacBard Coal Company, plaintiff in error here, seeks to recover from the defendant, Frederick P. Bayles, defendant in error.

The trial of the case before a court and jury resulted in a judgment in favor of the defendant, Frederick P. Bayles.

Plaintiff claims the right to recover from Frederick P. Bayles on the contract, asserting that the contract of sale was made with Frederick P. Bayles personally, and not with the MacBard-Bayles Coal Company; that the MacBard-Bayles Coal Company was the assignee of the contract between it, the plaintiff, and Bayles.

The defendant, Bayles, denied he entered into the contract in his own behalf, and asserts that he at all times was acting on behalf of the MacBard-Bayles Coal Company, a company to be incorporated for the purpose of taking over and operating the business, and that the plaintiff knew this to be the case.

At the trial of the case, the plaintiff sought to show a written contract between it and the defendant, Bayles, personally, and contended that such a contract was signed by the parties. Such contract was not produced, and was not to be found. Counsel for both parties in the transaction, Mr. Simmonds, testified that there never was such a contract signed; that he had prepared such a contract, providing for the sale in question, but that it was unsatisfactory to both parties. He testified that the plaintiff objected to making the contract with Bayles personally, as his company to be organized would have all the property, and he preferred to have the financial responsibility for the unpaid purchase price on the company to be incorporated.

Whether or not there was a written contract signed, it does appear in the exhibits that a bill of sale of the property in question was made to "the MacBard-Bayles Coal Company, assignee of Frederick P. Bayles of contract dated January 6, 1925." This bill of sale is dated January 22, 1925, and recites as of date the 12th day of January, 1925.

As heretofore stated, the MacBard Coal Company received the $10,000 cash, and five notes of $1,000 each, dated January 12, 1925, signed by the MacBard-Bayles Coal Company, by Frederick P. Bayles, president, and Frederick L. Bayles, treasurer.

There was much conflicting evidence in the case

upon which the jury might have found a contract to have been made with the defendant personally. On the other hand, there was much evidence and many circumstances which would tend to establish that the plaintiff knew it was selling the property to the Mac-Bard-Bayles Coal Company, the defendant Bayles' company to be formed for the purpose of taking over the business.

It might be well to state that at the time of the beginning of the negotiations for the selling of the property the MacBard-Bayles Coal Company was not in existence, but the exhibits show that the Mac-Bard-Bayles Coal Company filed articles of incorporation for the incorporation of the MacBard-Bayles Coal Company. This was done on the 6th day of January, 1925, which is the same date that this plaintiff claims a written contract with the defendant personally was entered into. The certificate of the secretary of state is to the effect that the articles were filed with the secretary on the 8th day of January, 1925.

In considering the weight of the evidence, which is one of the questions of error stressed here, much is claimed for the statement in the bill of sale, "The MacBard-Bayles Coal Company, assignee of Frederick P. Bayles, of contract dated January 6, 1925." Defendant testified that he did not notice this statement when the bill of sale was delivered to him. It was drafted by the MacBard Coal Company and delivered, and he states that he did not read it, nor did he know that it contained this statement. However that may be, it does not aid the plaintiff, the MacBard Coal Company. As a probative statement, it would seem to be but a self-serving expression

of the seller, since it in no wise affects the bill of sale. However, the statement was submitted to the jury as an exhibit for its consideration, and given such credit as it saw fit.

Enough has been said to indicate that on the evidence, this court cannot disturb the verdict as being against the weight of the evidence.

It has been suggested as a ground of error that the charge of the court was too short and inadequate to give the jury sufficient instructions on the questions of law involved. We are of the opinion that the charge fairly presented the issues, and, while the questions might have been elaborated upon, the charge was sufficient to present the issues to the jury, and, if further elaboration was desired, counsel should have so requested. It appears from the record that at the close of the general charge counsel for the defendant did request an addition to the charge, which elaborated on some of the questions, which charge the court gave.

A part of the paragraph of the general charge which is challenged is as follows:

"I have stated to you the burden of proof is upon the plaintiff, and by burden of proof is meant the duty of producing sufficient evidence to lead you to believe that the facts are as the party who has the burden claims them to be. For this purpose the law requires the party, who affirms a fact exists, to do so by a preponderance of the evidence."

It is argued that, when the court said, "by burden of proof is meant the duty of producing sufficient evidence to lead you to believe that the facts are as the party who has the burden claims them to be," the court was giving an incorrect statement of the

law, as it placed a greater burden on the plaintiff than the law requires, and deprived it of sustaining proof produced by the defendant. Counsel, in support of this objection to the charge, cite *Tudor Boiler Mfg. Co.* v. *Teeken,* 33 Ohio App., 512, 169 N. E., 704, 29 O. L. R., 39. The charge in this case is clearly distinguishable from the charge in the *Teeken case.* In the *Teeken case* the court was dealing with the burden of proof on contributory negligence, and stated: ''The defendant may not prevail upon this defense of contributory negligence unless it proves the same by a preponderance of the evidence.''

Nowhere in the *Teeken case* did the court give the defendant upon this proposition the benefit of all the evidence in the case.

In the charge under consideration it certainly was the duty of the plaintiff in presenting its case to produce sufficient evidence to lead to the belief that the facts were as it claimed them to be, or to produce evidence sufficient to justify a verdict in its behalf, if no defense was offered. Otherwise an instructed verdict for the defense must necessarily follow. So that this part of the paragraph must be considered in connection with the whole paragraph to ascertain whether or not the court gave the plaintiff the benefit of all the evidence in the case. The whole paragraph is as follows:

''I have stated to you the burden of proof is upon the plaintiff, and by burden of proof is meant the duty of producing sufficient evidence to lead you to believe that the facts are as the party who has the burden claims them to be. For this purpose the law requires the party, who affirms a fact exists to do so

by a preponderance of the evidence. By a preponderance of the evidence is meant the greater weight of the evidence, however slight. It must not be determined by the number of witnesses testifying to an alleged fact, but by the probative force of the testimony. In other words, after you have heard all the testimony on any material fact to be proven, then that side which you believe or are the more strongly inclined to believe, is said to have the preponderance of the evidence.''

Taking the whole paragraph, we are of opinion that the court gave to the plaintiff the benefit of all the evidence on the question of the burden of proof, and the mere singling out of a few lines which might have more clearly stated the proposition will not require a reversal, when the law is covered by the whole paragraph of the charge.

It is argued that the court erred in overruling the motion for a new trial on the ground of newly discovered evidence. In support of this proposition the affidavit of P. T. Ector, an accountant, is presented. This affidavit is to the effect that affiant, while examining and checking the books and records of the MacBard Coal Company, found and read a contract made between the plaintiff and defendant, and that it was signed by both parties.

The making of such contract was the main issue in the case. Testimony was presented pro and con. The affidavit is not to the effect that he has possession of the contract and is in a position to offer it in evidence. He but makes affidavit that he saw such a contract. Plaintiff produced considerable evidence at the trial that such a written contract was made. The affidavit but indicates a new witness who

would give cumulative evidence on the subject, which would not require a different verdict. See *C., C., C. & I. Rd. Co.* v. *Long,* 24 Ohio St., 133.

We find no error in the record prejudicial to the rights of the plaintiff in error, and the judgment is affirmed.

*Judgment affirmed.*

Cushing, P. J., and Ross, J., concur.