## Ernst v. Acy et al.

(Decided June 12, 1936.)

WILLIAM ALPHA HUBBARD and MARVIN C. WERLE for appellant.

C. A. WHISTLER for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Appellant sued for $5,050 for personal injuries and property damage resulting from an automobile collision at intersection of Third avenue and Hill street, in Louisville, Ky., on November 7, 1934. The jury found for the defendants, and she appeals.

A traffic light was maintained at this intersection, and, since both parties were using this intersection at the same time and the paths of their two machines crossed at right angles, one machine necessarily was crossing against a red light, and which one did this was a question for the jury, and the instructions are not complained of.

The plaintiff called the defendants as witnesses in her behalf, and is complaining because the court would not allow her to impeach them by showing their bad character, but section 596 of the Civil Code of Practice forbids that.

"At the conclusion of all the evidence the court, before giving instructions to the jury, made the following voluntary statement:

"'That the court in its experience and observation in the trial of cases involving collisions of vehicles had observed and noticed that heated arguments often arose between the parties, plaintiff and defendant, and that on such occasions profane language and other heated words were often exchanged between the parties, which had no material bearing on the facts of the case.'

"To which statement by the court, the plaintiff excepted at the time and still excepts."

This remark by the court grew out of an effort by the defendants to prove plaintiff had used some strong language, and, upon plaintiff's objection, the court had declined to admit it, and then made this remark in explanation of his ruling. We feel this was beneficial to the plaintiff, and certainly it was not prejudicial.

Judgment affirmed.