## Bryan et al. v. Battoe.

March 17, 1942.

48

Eaton & Eaton for appellants.

Jack E. Fisher for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The appellee, plaintiff below, an infant suing by his next friend (father), brought this action in the McCracken circuit court against the appellant, defendant below, to recover damages resulting from personal injuries received in a collision between the automobile in which he was riding and an automobile (taxicab) belonging to defendant and being driven by its employee, Ollie Vaughn. The accident occurred at the intersection of Ninth and Jefferson Streets in the city of Paducah. The automobile in which plaintiff was riding was traveling south on Ninth Street and defendant's taxicab was traveling west on Jefferson Street, and the two vehicles collided at or near the center of the intersection, directly or approximately under the traffic light.

The first paragraph of plaintiff's petition charges negligence generally, but for the purpose of pleading a city ordinance relating to traffic lights in the city, the second paragraph of the petition set out specific acts of negligence alleging, in substance, that plaintiff's automobile entered the intersection when the traffic light was green and that defendant's taxicab, which was approaching at right angles on Jefferson Street, entered the intersection when the light was red to that street, and that this violation of the traffic rules by defendant was the cause of the collision. By subsequent pleadings the issue joined and a trial before a jury resulted in a verdict and judgment thereon in favor of the plaintiff for the sum of $1,000. This appeal follows.

A reversal of the judgment is urged upon the grounds that plaintiff should have been restricted by the evidence and instruction of the court to the specific acts of negligence alleged in the petition, and, further, that there is no evidence tending to sustain the specific acts of negligence alleged, nor general negligence, and hence the

court should have sustained defendant's motion to peremptorily instruct the jury to find a verdict for the defendant.

The plaintiff, who was eleven years of age at the time of the accident, testified that when the automobile in which he was riding, and being driven by Noble Green, who was eighteen years of age, entered the street intersection when the light was green to them, or for the Ninth Street traffic, and when they reached the center of the intersection, the light changed to yellow and at that time defendant's taxicab suddenly appeared in front of plaintiff's automobile resulting in the collision. Noble Green testified that he was about halfway through the intersection when defendant's taxicab entered the intersection in front of him, but defendant's vehicle was not in the intersection when he (Green) entered, and that the collision occurred under the traffic light; that when he started across Ninth Street, or entered the intersection, the light was green but turned yellow about the time he got to or under the light or the center of the intersection. William Egof, who saw the collision, was called as a witness for the plaintiff and testified that plaintiff's automobile entered the intersection or was through it when the light changed from green to yellow and collided with defendant's vehicle under the light.

On the other hand, Ollie Vaughn, the driver of defendant's taxicab, testified that when he approached the intersection the light was red to him, or the Jefferson Street traffic, and he stopped and waited for the light to change and when it turned to green he then entered the intersection and plaintiff's automobile struck his taxicab near the center of the intersection or under the traffic light. This witness was corroborated by three or four other witnesses whose testimony is substantially the same as that of Vaughn with respect to the traffic light, thus presenting a sharp conflict in the evidence.

It is insisted in brief for defendant that no witness testified that defendant's taxicab entered the intersection when the light was red to defendant, while a number of witnesses for defendant testified that he entered the intersection when the light was green to him. It is true that no witness specifically stated that defendant's vehicle entered the intersection on the red light but the jury had the right to deduce from the evidence for plaintiff that defendant's car did enter the intersection when the

light was red, since it was shown by three of plaintiff's witnesses that the latter entered the intersection on the green light and the light turned to yellow after he had reached the center of the intersection. There is no claim that the light was out of order or not properly operating, and it would necessarily result, therefore, that if plaintiff entered the intersection when the light was green to him evidently defendant's vehicle entered the intersection when the light was red to the traffic on that street, since the light could not have been the same color to each party at the same time. We think the jury had the right to make this logical deduction from the evidence without any witness specifically stating that defendant's vehicle entered the intersection on the red light.

In Ernst v. Acy et al., 264 Ky. 777, 95 S. W. (2d) 574, the facts were very similar to the ones involved in the present case. The Court said:

"A traffic light was maintained at this intersection, and, since both parties were using this intersection at the same time and the paths of their two machines crossed at right angles, one machine necessarily was crossing against a red light, and which one did this was a question for the jury, and the instructions are not complained of."

We think the quoted statement above is applicable to the present case. Evidently one of the parties violated the rules of traffic, which was a question for the jury, and since the evidence is conflicting we are without authority to disturb the verdict.

In reference to the contention that plaintiff should have been confined or restricted to the specific acts of negligence in reference to which party entered the intersection in violation of the rules of traffic, we find that the court aptly submitted that question to the jury in the instructions by telling the jury, in substance, that it was the duty of the respective parties not to enter the intersection on red or yellow lights and if he failed to perform such duty, and such failure or violation was the direct and proximate cause of the accident, then the law is against the one who violated that duty and for the one who performed that duty, and the jury would make its finding accordingly.

Finding no error prejudicial to defendant's substantial rights, the judgment is affirmed.