**Thomas BROCKIE, Appellant,**

v.

**Russell SHADWICK and Southern Tank Lines, Inc., Appellees.**

Court of Appeals of Kentucky.

Oct. 1, 1965.

Rehearing Denied Dec. 17, 1965.

and a tractor-tank trailer operated by Shadwick, at the intersection of Second Street and St. Catherine Street in Louisville, the jury found against Brockie. Judgment was entered accordingly and Brockie has appealed.

Shadwick was going north on Second Street and Brockie was going west on St. Catherine Street. Traffic at the intersection was controlled by an electric stop-and-go signal. Shadwick testified that the light, which had been green in his favor, changed to yellow just as he reached the crosswalk. Being "too close" to stop, he proceeded into the intersection. The collision occurred in the northeast quarter of the intersection.

Brockie, as appellant, makes several major contentions all of which are rested on the premise that Shadwick was negligent as a matter of law in entering the intersection on the yellow light.

The courts of other jurisdictions have taken widely divergent positions on the question of the duty of a motorist when the green light changes to yellow as he approaches an intersection. See Annotation, 164 A.L.R. 8 at page 49; 60 C.J.S. Motor Vehicles § 360c, p. 856. Some of the decisions have been based on the provisions of statutes or ordinances.

Kentucky has no statute governing the duties of a motorist on a yellow light. In the instant case Brockie undertook to introduce in evidence a Louisville ordinance regulating traffic light duties, but the portion of the ordinance dealing with yellow lights, as it appears in the record, merely describes what a yellow light is and does not specify any duties.[1]

James Levin and Ben Hanish, Hanish & Hanish, Louisville, for appellant.

J. Donald Dinning, McElwain, Dinning, Clarke & Winstead, Jones, Ewen & Mackenzie, Louisville, for appellees.

CULLEN, Commissioner.

In Thomas Brockie's action against Russell Shadwick for damages growing out of a collision between Brockie's station wagon

---

[1] In the official compilation of the Louisville Ordinances, Section 323.01(b) states that vehicular traffic facing a yellow light following a green light shall stop before entering the nearest crosswalk at the intersection. However, this provision does not appear in the record and the court cannot take judicial notice of it. Fryrear v. Kentucky & Indiana Terminal R. Co., 310 Ky. 250, 220 S.W.2d 546.

It is our opinion that in the situation under discussion (yellow following green) the motorist lawfully may enter the intersection on the yellow light. The purpose of the yellow light is merely to put the motorist on warning that a red signal is coming up and that he must be prepared to stop if the light turns red before he enters the intersection. This is the view taken by the Ohio court in Case v. Carter, 103 Ohio App. 11, 142 N.E.2d 670. See also Brummett v. Cyr, 56 Wash.2d 904, 355 P.2d 994.

It is true that in Bryan v. Battoe, 290 Ky. 47, 160 S.W.2d 369, this Court approved an instruction stating that it was "the duty of the respective parties not to enter the intersection on red or yellow lights." However, the only evidence in that case was that the light had turned to yellow after one of the parties had entered the intersection, so the question of entering on a yellow light was not in issue. The casual reference in the opinion to a yellow light cannot be accorded the dignity of a considered judicial pronouncement. To the extent that possibly it could be considered such we hereby overrule it.

The instructions in the instant case stated that Shadwick must stop on the yellow light "if he could do so in the operation of his vehicle in the exercise of ordinary care." The instruction was erroneous because, as hereinbefore pointed out, Shadwick lawfully could enter the intersection on the yellow light; however, Brockie was not prejudiced by the instruction because it was a more favorable one than he was entitled to.

Brockie contends that three improper and prejudicial questions were asked of witnesses by Shadwick's counsel. It is sufficient to say that we find nothing erroneous or prejudicial in the questions. In fact, the trial court would not permit one of the questions to be answered and told the jury that an answer either way would not be relevant.

The judgment is affirmed.