Jake JOHNSON et al., Appellants,

v.

Helen BERRY, Appellee.

Court of Appeals of Kentucky.

July 1, 1966.

John L. Davis, Stoll, Keenon & Park, Lexington, for appellants.

Rodney J. Thompson, Winchester, for appellee.

CLAY, Commissioner.

Appellee, a passenger in a taxicab, recovered a joint judgment of approximately $7,000 against the drivers of two vehicles which collided in an intersection. The appellants are the owners and operators of the taxicab.

The intersection was controlled by a traffic light. Each of the drivers testified he had the green light in his favor. However, a police officer testified as follows:

"Both drivers involved in the above mentioned accident told me that the light was on 'caution' or 'yellow' *on all four sides of the intersection*." (Our emphasis.)

On the basis of this evidence the court gave the following instruction No. 3:

"The Court instructs the jury that if at the time each of the drivers of the vehicles of the defendants entered the intersection which is the subject of this controversy, the traffic light at said intersection was on caution or yellow for

each of said drivers, then the jury will find for the plaintiff under Instruction No. 5–A against both of the defendants herein."

The jury verdict was specifically based on this instruction.

It is appellants' contention that the police officer's testimony lacked probative value and the court should have limited the instructions to which party had the green light. We cannot discern why this evidence lacked probative value. However, the case was tried prior to our decision in Brockie v. Shadwick, Ky., 396 S.W.2d 63. Therein we held that a motorist lawfully may enter an intersection on a yellow or caution light where the yellow follows green (in the absence of legislation to the contrary).

The parties do not inform us in their briefs what type of traffic light this was. We gather from the testimony of the police officer that the caution light was on in all four directions when neither a green nor a red light was simultaneously showing. If this was the situation, under the Brockie decision the motorist who entered the intersection on the yellow light following the green signal would have the superior right of way. It may be said that in the absence of a statute or ordinance to the contrary, a yellow light (alternating with green or red) does not change the immediately pre-existing right of a motorist to proceed or duty not to proceed, but cautions him that the light is about to change and reverse the respective rights and duties.

The instruction was, therefore, erroneous because it in effect advised the jury that under the circumstances about which the police officer testified *neither* driver had a right to enter the intersection. This error was prejudicial because the jury verdict was specifically based on this instruction, and the judgment must be reversed on this ground.

We do not believe it necessary to consider the other questions raised by appellants because in all probability they will not arise on a new trial.

The judgment is reversed as to the appellants here for proceedings consistent with this opinion.