## The Cleveland Ry. Co. v. McCoy.

(Decided November 7, 1927.)

*Messrs. Squire, Sanders & Dempsey,* for plaintiff in error.

*Messrs. Day, Corrigan & Day,* for defendant in error.

VICKERY, J. This cause comes into this court on a petition in error to the municipal court of the city of Cleveland. In the court below McCoy brought an action to recover damages by reason of an injury claimed to have been received by him because of the

negligent act of the Cleveland Railway Company's servants or employees, and at the trial of the case he recovered a judgment for $984, and it is to reverse that judgment that error is prosecuted here.

It seems that McCoy was on Woodland avenue at East Fifty-fifth street, and desired to take a car east, and so he went to the center of Woodland avenue, which is a wide street, where there is a safety zone, so that prospective passengers may be safe from the automobile and other traffic on the streets. While he was standing there—it does not appear just where the street car was that he was waiting for—he made up his mind that he wanted a newspaper, and so he called or beckoned the newspaper boy to bring him a newspaper, and, while in the act of purchasing that newspaper, for some reason or other he got over out of the safety zone, in the space that would be occupied by the street car when it came )up to the place where the proposed passengers were, and when the car came was struck and was injured as alleged in his petition, for which he was allowed a verdict in his favor.

The main error relied upon why this case should be reversed is error in the charge of the court on the question of contributory negligence. In this case contributory negligence was brought in by the evidence, so it became the duty of the trial judge to charge on the question of contributory negligence, which he did. His charge was as follows:

"The court instructs you that contributory negligence, in its legal significance, means any act or omission on the part of the plaintiff which amounts to a want of ordinary care, which want, combining and co-operating with the negligence of the defend-

ant, constituted the proximate cause. In other words, it presupposes negligence on the part of the defendant, before you have contributory negligence.

"When that element is present, and you find by the preponderance of proof that the plaintiff in this case, William R. McCoy, contributed even in the slightest degree by his negligence to his injuries, then I say to you, as a matter of law, there can be no recovery in this lawsuit.

"The burden of showing contributory negligence is upon the defendant, and the defendant in this lawsuit, the Cleveland Railway Company, has to show if contributory negligence is present. That fact is to be determined by you in your study of all the evidence. The burden is upon them. They must show by the same degree of proof, by the greater weight of the testimony, and they must convince the jury, that McCoy was negligent in some respect, and if he was negligent in any respect, and that negligence, combined with the negligence of the defendant, constituted the proximate cause, there can be no recovery."

Now there is more than one fault to be found in this charge, but the one that has been criticized, and the one to which I shall address my attention, is the failure to state where the burden of proof was in case the plaintiff's own evidence raised a presumption of contributory negligence upon his part. In the main, this charge was right so far as it went; but it did not give a complete or an entirely correct charge on the law of contributory negligence. The only exception taken was a *general* exception, and after the charge was given, the trial judge asked the lawyers, at least once, and perhaps twice, whether

or not they desired him to say anything further to the jury.

Now, then, that brings us to the question as to whether this error in the charge, if it be one, was an error of commission, or was an error of omission. If it was an error of commission, the lawyer representing the plaintiff in error did not have to call the court's attention to it particularly, but a general exception would save him; but, if it was an error of omission, then the court should not be reversed, unless the lawyer representing the plaintiff in error asked for further instructions, and suggested to the court what he wanted the instructions to include.

Then the sole question is this: Was it an error of commission or an error of omission? We are cited to a number of cases, most of which can be distinguished.

For instance, in the case of *Cleveland Ry. Co.* v. *Nicholson,* 30 O. C. A., 439, decided in 1919, wherein a motion to certify was overruled by the Supreme Court December 22, 1919, there were *requests* to charge upon the subject, and those requests were refused. Consequently the question that is involved in the instant case did not arise in that case. We are agreed that, if requests had been made where the general charge did not cover the question, and they had been refused, there would be no question that it would have been error. Therefore the case cited is not a case in point.

In the case of *Baltimore & Ohio Rd. Co.* v. *Whitacre,* 35 Ohio St., 627, decided in 1880, it was held that the requests of the defendant should have been given; that it was error, where the question of contributory negligence was involved, not to give a com-

plete charge upon request; and so that case ceases
to be a case in point.

*Mahoning Valley Ry. Co.* v. *Kazanecka,* 7 Ohio
App., 289, decided in 1917, is a case wherein the court
did charge; and the reason that case is not in point
is obvious. The defendant could not complain about
that charge, because it was stronger in his behalf
than he had any right to expect. The court said that,
if the plaintiff's evidence does *not* raise a presump-
tion of negligence upon his part, the burden of prov-
ing contributory negligence is upon the part of the
defendant. Now, an analysis of that charge will lead
to the conclusion that, if the plaintiff's evidence *does*
raise the presumption of negligence, then he cannot
recover, which is a stronger charge against him and
in favor of the defendant than the latter had a right
to expect, because all the law requires is that plain-
tiff remove the presumption, and after that is done
the burden is upon the defendant to prove contribu-
tory negligence; so that case is hardly in point.

In the case of *C., C., C. & St. L. Ry. Co.* v. *Corn-
wall,* 14 C. C. (N. S.), 209, decided in 1911 by the cir-
cuit court of Morrow county, the court held that
where a court failed to charge upon the burden of
proof, in a case where the evidence of the plaintiff
raised a presumption of negligence, even though the
burden of proof was properly placed upon the de-
fendant, the charge as a whole was not a complete or
accurate charge upon the question of contributory
negligence, because it should have stated that, where
the plaintiff's own evidence raised a presumption of
his negligence which contributed to the injury, the
burden was then upon him to remove that presump-

tion. This is almost the situation that exists in the case at bar.

We now come to the case of *Cincinnati Traction Co.* v. *Overschmid,* 12 C. C. (N. S.), 262, decided in 1908 by the circuit court of Hamilton county, in which case a request was made involving the question under discussion, and the court refused to give the request, stating that a charge on contributory negligence was not a complete or a correct charge, unless it embodied the statement that, if the evidence of the plaintiff raised a presumption of negligence upon his part, the burden was upon him to remove that presumption, and thereupon the court reversed the case.

Now, upon the strength of the decision in that case, the case of *Cleveland Railway* v. *Matrone,* an unreported case of this district, was decided by Judges Middleton, Walters and Sayre, of the Fourth Appellate District, which raised the identical question that is raised in the instant case, and there no request was made for a special charge. It was an error similar to the one in the instant case, and the judges of the Fourth District, sitting here by designation, held that a charge on contributory negligence, which simply limited the burden of proof to the defendant, without saying anything at all about the presumption to be removed, if the presumption was raised by plaintiff's own testimony, was an erroneous charge, and that it was an error of commission rather than omission, and the court reversed the case for that reason.

In one of our own cases, *Cleveland Railway Co.* v. *Goldberger,* unreported, the judges of the Ninth Appellate District, sitting in this district by designa-

tion, held that, where contributory negligence was raised, either by the pleadings or the evidence, it was not error for the court to charge upon contributory negligence, where in so charging the court charged fully upon the subjects of the burden of proof in case the plaintiff's evidence raised a presumption of contributory negligence and the burden that rests upon the defendant, and held also that the question whether this presumption was raised or not was a question for the jury.

The important point of that is this: That it would be dangerous for a court to direct a verdict on the ground that the plaintiff's evidence showed contributory negligence, because it would be a question for the jury as to whether that presumption was raised or not. We are not saying that there could not be a case so clear that it would be the duty of the court to direct a verdict, but one draws from this case that, wherever it becomes the court's duty to charge upon the question of contributory negligence, the charge should be full and complete, and that cannot be done as a general rule without informing the jury what the duty of the plaintiff would be with respect to removing the presumption, if his own evidence raised it.

We think, taking all these authorities together, that a charge of the court upon contributory negligence must be a complete charge. It must both show what the duty of the plaintiff is with respect to the burden of proof and what the duty of the defendant is with respect to its burden as to contributory negligence.

Now, in the instant case, the court used a stronger statement, and that is that, unless the defendant

should *convince* the jury that the plaintiff's negligence contributed to the injury, the plaintiff would be entitled to recover. We do not understand that the defendant is called upon to a greater degree of proof than a *preponderance* of the evidence. Perhaps the above was a misuse of the term, but, inasmuch as the charge is under criticism, it is a faulty expression, to say the least. We think, under all the circumstances, the court committed error in this charge, and that it was an error of commission, and not merely one of omission, for which reason the judgment must be reversed, and the case remanded to the lower court for a new trial.

*Judgment reversed and cause remanded.*

SULLIVAN, P. J., concurs.
LEVINE, J., dissents.