## SPRINGFIELD (city) v WYATT

Ohio Appeals, 2nd Dist, Clark Co·

No. 288.   Decided Jan 21, 1931

M. E. Spencer, Springfield, for Springfield (city).

W. Y. Mahar and W. W. Witmeyer, Springfield, for Wyatt.

HORNBECK, J.

Counsel for the city devotes considerable space in his brief to the claim that the court should have directed a verdict against the plaintiff; that she was chargeable with contributory negligence as a matter of law upon the theory that she had voluntarily entered a place of known danger, and in failing to see the place which caused her to fall.

We are constrained to say that the law was enunciated in **Schaeffer v The City of Sandusky, 33 Oh St 246; Toledo v Smith,** 13 C. C. (N.S.) 504;·Betz v City of Yonkers, 148 N. Y. 67; Morgan v City of Lewistown, 91 Me. 566, had no application in this case. The Ohio cases supra come clearly within the doctrine of voluntary assumption of a known risk.   There is no showing in this case either that the danger was apparent nor of express knowledge of the plaintiff of the defective condition of the street.

It is claimed that the verdict and judgment are against the manifest weight of the

evidence. The facts presented were peculiarly for the determination of the jury. Nothing appears which would justify us in disturbing the judgment because of any manifest prejudice appearing on the weight of the evidence. Nor are the damages, in our judgment, excessive.

The difficulty in this case arises on the issue drawn by the defense of contributory negligence asserted by the city and the instructions of the court thereon.

Counsel for plaintiff urge that there is no evidence whatever of contributory negligence of the plaintiff. If so, although the court charged on the matter it could not be prejudicial error though the charge was erroneous.

Contributory negligence on the part of the plaintiff, if found, consisted in her failure to exercise her faculty of sight as an ordinarily prudent person would have done under like circumstances. While the trial court would not have been justified in saying that contributory negligence of plaintiff appeared as a matter of law, the jury might have said that it was to be found as a matter of fact upon consideration of all the circumstances in the case. **Darling v Young, 37 Oh St 481.**

If in fact there is no evidence tending to show contributory negligence, it is proper to so charge the jury, but while a doubt exists, it is a question for the jury. **Traction Co. v Jamison, 13 C. C. (N.S.) 110-111.**

It is also evident that if contributory negligence was present it must have appeared as an inference from the plaintiff's own testimony. The situation therefore required a correct announcement of the law of the burden of proof. It will be necessary therefore to consider the instructions of the court touching this subject matter. The court at the request of counsel for plaintiff gave the following special charge:

No. 3. "I charge you that the burden of proof is not on the plaintiff to show due care on her part in walking over a sidewalk out of repair; but on the contrary, where the defendant charges the lack of due care on the part of the plaintiff, the burden is upon the defendant to prove such lack of due care, by a preponderance of the evidence."

In the general charge the court uses the following language at pages 114 and 115 of the record:

"In this case the defendant had raised the issue of contributory negligence on the part of the plaintiff. I charge you, that in the absence of evidence to the contrary, there is a presumption of law that the plaintiff, at the time and place of the accident described in the petition, was in the exercise of ordinary care.

Unless, therefore, the plaintiff, in the evidence offered by her, has raised the inference or suggestion of negligence upon her own part, it would be your duty to disregard this issue of contributory negligence in the determination of the issues in this case.

The jury will be instructed that this last paragraph should be qualified. Beginning with the words,—'in this case the defendant has raised the issue of contributory negligence on the part of the plaintiff. I charge you, that in absence of evidence to the contrary, there is a presumption of law that the plaintiff, at the time and place of the accident described in the petition, was in the exercise of ordinary care.' The remainder of that paragraph which the court just read to you, beginning with the words, 'Unless, therefore, the plaintiff, in the evidence offered by her, has raised the inference or suggestion of negligence upon her own part, it would be your duty to disregard this issue of contributory negligence in the determination of the issues in this case,' is withdrawn and should be wholly disregarded by the jury and not considered part of the court's charge."

It will be noted that the court in the first instance in the general charge attempted to state the rule touching the burden of proof properly, viz, that the burden of showing contributory negligence is on the defendant, unless an inference of contributory negligence may fairly arise from the plaintiff's own testimony, in which event it is incumbent upon her to remove it by a fair consideration of all the evidence but withdrew the important qualifying clause. The special instruction is silent upon the duty of plaintiff if an inference of her negligence may arise from her own testimony. This question has been considered several times in reported cases with unanimity of decision. In **C. C. C. & St. L. Railway Co. v James Cornwell, 14 O. C. C. Rep. (NS). 209,** it is said in the fourth proposition of the syllabus:

"In an action for damages for alleged negligence, where the defense of contributory negligence is interposed, it is error upon the part of the trial court to instruct the jury that 'the burden of proof is upon the plaintiff to prove the negligence of the defendant as charged in the petition and the burden is upon the defendant to make out the evidence of contributory negligence by

the plaintiff's servant or agent,' without the further instruction that if palintiff's own testimony in support of his cause of action raises a presumption of such contributory negligence, the burden rests upon him to remove that presumption."

In **Cleveland Railway Co. v McCoy, 28 Oh Ap 318**, the same principle is enunciated in the second proposition of the syllabus, and Judge Vickery writing the opinion quotes from Railway v Cornwell, supra, with approval. To like effect are **Robinson v Gary, 28 Oh St, 241, R. R. v Whitacre, 35 Oh St 627, Traction Co. v Kroger, 10 C. C. (N.S.) 64, Railway v Zepperlein, 1 C. C. 36, Ry. v Woods, 9 C. C., 322, Cincinnati Traction Co. v Overschmidt, 12 C. C. (N.S.), 262; Tudor Boiler Mfg. Co. v Teeken, 33 Oh Ap, 512.** This court followed the principle of these cases in Armour & Co. v Yoter, No. 1824, an unreported case, decided in Franklin County January 15, 1930.

We, therefore, are of the opinion, in the light of the cases we have cited, and we have no alternative, that the instructions of the court in the particulars discussed were erroneous and must be held to be prejudicial to the defendant.

The judgment of the trial court will therefore be reversed and cause remanded for a new trial.

KUNKLE, PJ, and ALLREAD, J, concur.