## ECKROATE v BAUDERS

Ohio Appeals, 5th Dist, Stark Co

Decided October 22, 1931

Black, McCuskey, Ruff & Souers, Canton, for plaintiff in error.

Amerman & Mills, Canton, for defendant in error.

SHERICK, PJ.

The first claimed ground of error is that the verdict of the jury, which was in the sum of $1,250, was excessive. It is not claimed, however, that the verdict was the result of passion and prejudice, and after a consideration of the testimony of the plaintiff below, and the other evidence in the case pertaining to the amount of the injury sustained, we are unable to say that the verdict was excessive. It was claimed and proven that the plaintiff sustained injury and shock from which she has not yet recovered, and from which she is unlikely to fully recover. In view of this fact, we are unable to say that the verdict was excessive.

Coming now to a consideration of the other three alleged errors asserted in this court, we remark that they all go to the matter of the court's charge.

It is first claimed that the trial court in its instruction to the jury stated that there were but three issues in the case: First, was the defendant negligent; second, if he was negligent, was his negligence the proximate cause of the injury to plaintiff; and, third, did any negligence on the part of the plaintiff contribute to cause or produce the injury?

It appears from the pleadings that the defendant asserted the defense of sole negligence, and that the court failed to instruct the jury upon this issue; but we note from an examination of the charge, at the end thereof, that upon inquiry by the court as to whether or not he had omitted anything counsel for the plaintiff in error suggested the omission to charge upon the question of sole negligence, and that, thereupon, the court did proceed to and did further charge the jury upon this issue.

The plaintiff in error advances the rule announced in **B & O Rd Co v Lockwood, 72 Oh St 586**, 74 N. E. 1071, that it is error prejudicial to the complaining party when the court fails to properly charge the issues in the case. There is no failure to charge the issues in this case, but there was a failure to charge upon one issue, and this having been called to the attention of the court, and the court thereupon having charged the jury on the omitted issue, there can be no error prejudicial to the complaining party in this instance, as the issues were fully and completely charged.

Counsel for plaintiff in error has boldly advanced the case of **Beck, Trustee v Beagle, 28 Oh Ap 508**, 162 N. E. 810, as authority, but in this case the trial court failed to charge any of the issues in the case, and, in fact, instructed the jury to return a verdict, which in that case was improperly done, so that case is not authority for the situation developed in this suit.

The complaining party next advances the matter of the court's instruction on the question of right of way, in that the court said to the jury that Route No. 21 is a main thoroughfare and that Route No. 19 is not a main thoroughfare. It appears, however, from the pleadings and the facts developed in this case, that Route No. 21 is a main highway and that Route No. 19 meets that highway at a considerable angle near the village of Justus; that No. 19 does not cross No. 21, but that from the point where it intersects or comes into highway No. 21 it thereafter follows along the same route as 21. It therefore must be apparent that Route No. 21 is a main highway, and there being no proof that No. 19 is a main highway, it must be assumed that it is simply a highway. We do not think that if there is any error in this portion of the charge the same is prejudicial to the plaintiff in error.

We come now to the third ground of error alleged, which pertains to the matter of the court's instruction relating to contributory negligence, and in this portion of the charge we find that error has intervened in the trial of this case and that such is

prejudicial to the complaining party.

The court in his charge to the jury spoke as follows on the question of negligence: "Now, negligence is usually defined as a failure to use ordinary care and which failure results in the injury complained of."

The court then proceeded, and defined what is "ordinary care," and thereafter defined "proximate cause." The court did then proceed to define "contributory negligence," and this he did as follows: "By contributory negligence we mean that negligence, as heretofore defined to you, on the part of the party seeking relief, which would be the direct and proximate cause of the injury itself."

Later on in the court's charge, the further remark was made, as follows: "However, the defense of contributory negligence is an affirmative defense, and by affirmative defense I mean that the burden of proof then is upon the defendant to establish that fact, in other words, that the plaintiff's negligence contributed to the injury."

We do not find from a further consideration of the charge as a whole that the trial court therein or thereafter attempted to or did further instruct the jury in the matter of contributory negligence.

In case of Cleveland R Co v Goldman, 122 Oh St 73, 170 N. E. 641, it is said: "Where the court imposes upon an aggrieved litigant a greater burden of proof than the law requires, prejudice will be presumed."

We are of opinion that in the instant case the charge as given on contributory negligence was not complete, for the reason that it limited the defendant on the defense of contributory negligence to the evidence produced by the defendant. Now, the defendant is entitled to all of the evidence in the case, not only that presented by the defendant, but also that produced on behalf of the plaintiff. The plaintiff's own testimany may suggest negligence upon the part of the plaintiff, and if such is true, then the defendant is entitled to that evidence and a consideration thereof to prove the issue of contributory negligence.

We find that this question is not new in this state, and the same error has been considered in two recent cases. In the case of Cleveland R Co v McCoy, 28 Oh Ap 318, 162 N. E. 699, it was held: "A charge of court on contributory negligence must be a complete charge, showing both what the duty of plaintiff is respecting the burden of proof and what the duty of defendant is in respect to burden of contributory negligence."

And the second case we have in mind is that of Tudor Boiler Mfg Co v Teeken, 33 Oh Ap 512, 169 N. E. 704. Therein the

Court held: "A charge on burden of proof, in issue of contributory negligence, that 'the defendant may not prevail upon the defense of contributory negligence unless it proves the same by a preponderance of evidence,' is an error of commission requiring a reversal, in that it limited the defense to evidence produced by the defendant."

The court in the Tudor Case expressly approves the rule stated in the McCoy Case, supra.

It is therefore the judgment of this court that for the reasons announced this judgment should be, and the same hereby is reversed.

LEMERT and MONTGOMERY, JJ, concur.