GREENAWALT, ADMR., APPELLEE, *v.* YUHAS, APPELLANT.

(No. 920—Decided April 8, 1947.)

*Messrs. Light & Siferd* and *Mr. Sylvan Wise,* for appellee.

*Messrs. Garling, Kuhn, Marsh & Garling* and *Mr. A. M. Rodgers,* for appellant.

GUERNSEY, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Allen county, in an action wherein the appellee herein, Walter Greenawalt, administrator of the estate of Robert Greenawalt, was plaintiff, and the appellant herein, Steve Yuhas, was defendant.

The action is one for damages for the wrongful death of plaintiff's decedent, which death occurred on July 15, 1945, and was originally brought for the benefit of the father, the mother, the two sisters and the brother of the decedent, but during the trial of the cause in the Common Pleas Court and before its submission to the jury counsel for plaintiff informed the

court that plaintiff limited his claim to recovery for the use and benefit of the father and mother of the decedent and not for the use and benefit of decedent's other next of kin, and the court so charged the jury.

On the trial, the jury returned a verdict in favor of plaintiff in the sum of $5,000, and, motion for new trial having been duly filed and overruled, judgment for the amount of the verdict was duly entered, and that is the judgment from which this appeal is taken.

In his petition the plaintiff alleges his appointment and qualification as administrator, his bringing the action in such capacity, the death of his decedent, the names of his parents, sisters and brother, and that the action is brought for their use and benefit.

Plaintiff alleges further the following facts:

On July 15, 1945, at about 9 p. m., Robert Greenawalt, plaintiff's decedent, who was seventeen years of age, was driving an automobile, the property of Walter Greenawalt, in an easterly direction on West Grand avenue in the city of Lima, Ohio. As the automobile driven by plaintiff's decedent was reaching the intersection where North McDonald street crosses West Grand avenue, an automobile, the property of the defendant, being operated in a southerly direction on North McDonald street by the defendant, or one Lillian Barto as agent for the defendant, in a careless and negligent manner, struck the automobile driven by the plaintiff's decedent throwing him out of the automobile to the pavement and injuring him so seriously that he died within a few minutes as a direct result of the injuries so suffered. There was no police officer at the intersection who could have directed defendant to proceed, and there was no traffic control signal there.

West Grand avenue is a much traveled public street

and thoroughfare in the city of Lima, and North Mc-Donald street is a public street crossing West Grand avenue.

By the provisions of Sections 44 and 74, Article V, and Section 104, Article VIII, Schedule V of ordinance No. 66-39 of the city of Lima, Ohio, passed July 24, 1937, West Grand avenue where it crosses North Mc-Donald street is a through street and all vehicles travelling on North McDonald street are required by the ordinance to stop before crossing Grand avenue.

The sections of the Lima city ordinance above referred to, are as follows:

"Article V. Operation of vehicles.

"Section 44. Stop before entering a through street.

"(a) Those streets and parts of streets described in Schedule V, Article VIII herein, are hereby declared to be through streets for the purpose of this section.

"(b) When stop signs are erected upon highways intersecting a through street at the entrance thereto or at the entrance to any intersection, every driver of a vehicle shall stop at every such sign or at a clearly marked stop line before entering the intersection except when directed to proceed by a police officer or traffic control signal.

"Section 74. Vehicle entering through highway or stop intersection. The driver of a vehicle shall stop as required by this act at the entrance to a thoroughfare and shall yield the right-of-way to other vehicles which are traveling on the thoroughfare.

"Article VIII, Section 104, Schedule V.

"For the purpose of enforcing the road regulations referred to in this schedule, the main thoroughfares shall be understood to mean all sections of public roads and highways on which busses are operated for

the carriage of passengers for hire, along a fixed and regular route under authority granted by the city of Lima, Ohio, in which the public road or highway lies. Also, the following streets, or parts of streets: Grand avenue, from Union street to Main street, from Main street to Delphos avenue.''

The ordinance set forth above was the law at all times mentioned in the petition, and at all times mentioned herein there was a stop sign erected by the city of Lima on McDonald street at the entrance of the intersection of the street with Grand avenue.

The defendant was guilty of negligence in the following respects:

1. In operating the automobile at the time and place aforesaid at an unlawful rate of speed in violation of the state statutes, to wit, at a speed of more than thirty-five miles per hour within the city limits of Lima.

2. In entering the intersection of Grand avenue from McDonald street without stopping at the stop sign erected by the city of Lima at the intersection, thereby violating the ordinance.

3. In failing to yield the right of way to the vehicle of plaintiff's decedent which was traveling on Grand avenue, a thoroughfare, thereby violating the ordinance.

4. In that he saw plaintiff's decedent approaching upon the street and in a position where he was liable to be endangered by the operation of such automobile and failed and neglected to check and control the speed of his automobile so as to have the same under control and to avoid coming into collision with the automobile driven by plaintiff's decedent.

5. In that knowing that Grand avenue was a through street or thoroughfare he failed to bring his auto-

mobile to a stop before entering the thoroughfare, thereby endangering the life of plaintiff's decedent.

6. In that after he saw the automobile driven by plaintiff's decedent approaching on Grand avenue, he drove his automobile into the intersection.

The decedent was at all times in the exercise of proper care and his injury and death were caused solely by the negligence and carelessness of the defendant in the manner hereinbefore set forth.

Robert Greenawalt was an intelligent and healthy young man, and by reason of his wrongful death his parents and next of kin have been injured and damaged in the sum of $30,000.

The prayer of the petition is for damages in the sum mentioned, together with the costs of the action.

In his answer to the petition the defendant admits that at the time charged in the petition plaintiff's decedent was driving an automobile in an easterly direction on West Grand avenue in the city of Lima; that at approximately the same time and place the defendant was operating an automobile on North McDonald street at or near the intersection of North McDonald street and Grand avenue; and that a collision occurred between the automobile driven by plaintiff's decedent and the automobile driven by defendant.

Defendant denies that such collision was caused by any negligent act of the defendant; that he was negligent in any other respect set forth in the petition of plaintiff; and each and every, all and singular, the allegations in the petition which are not in his answer expressly admitted to be true.

For his second defense to the petition of plaintiff, defendant embraces all the admissions and denials in the first defense as if fully rewritten at length

therein, and further says that, if it should be found on the trial of the case that the defendant was negligent in the premises, which negligence defendant expressly denies, nevertheless, the plaintiff's decedent was guilty of carelessness and negligence which contributed to and caused the collision and damage described in the petition of the plaintiff.

For his reply to the answer of the defendant, the plaintiff denies each and every allegation in the answer, except such as are admissions of the allegations contained in the petition.

Such of the evidence introduced on the trial of the cause as is essential to the consideration of the case will be discussed in connection with the several assignments of error.

The defendant assigns error in the following particulars:

1. That there was misconduct of counsel for plaintiff in the conducting of the *voir dire* examination of the jury, which prevented defendant from having a fair trial.

2. That the court erred in admitting evidence offered by plaintiff over the objection of defendant.

3. That the court erred in giving the three special charges submitted by the plaintiff before argument, over objection of defendant.

4. The court erred in refusing to give the special charges submitted by the defendant before argument.

5. The court erred in its general charge to the jury in the following particulars:

(a) In charging the provisions of the ordinances of the city of Lima pleaded in the petition and denied by defendant in his answer, when such ordinances were not offered in evidence.

(b) In reading to the jury the petition of the plain-

tiff containing certain words and phrases which had been previously obliterated therefrom.

(c) In charging that all traffic lawfully moving in either direction on Grand avenue had the right of way over traffic approaching Grand avenue on McDonald street, where the ordinance purporting to establish Grand avenue as a main thoroughfare was not offered in evidence.

(d) At the conclusion of the charge and upon the court's attention being called by plaintiff to the fact that the ordinance of the city of Lima pleaded in the petition had not been introduced in evidence, and upon plaintiff's request, withdrawing from the consideration of the jury any allegation in the petition or reference in the court's charge as to the ordinance of the city of Lima, and then giving to the jury the following instruction: " * * * which leaves the case standing under the provisions of the state statute, which covers practically the same ground in the manner that the court has covered that subject in the general charge."

(e) In first instructing the jury that under the provisions of Section 6307-21, General Code, it is prima facie lawful for the operator of a motor vehicle to operate the same at a speed not exceeding twenty-five miles per hour, and then at the conclusion of the charge, at the request of plaintiff, giving the following instructions to the jury: "Ladies and gentlemen, one thing more: in quoting to you from the speed regulations as they are set forth in 6307-21 of the General Code of Ohio, which among other things sets up the prima facie speed limit for highways in different situations, the court indicated that it was a provision that the speed limitation at this particular place was twenty-five miles per hour. Now, the actual provision that seems to apply to this case is the provision of thirty-

five miles per hour, so that the statute as it should have been read would be to the effect that 'it shall be prima facie lawful for the operator of a motor vehicle to operate the same at a speed not exceeding the following: thirty-five miles per hour on state routes or through highways within municipalities outside of business districts.' In other words, the thirty-five mile speed limit.''

6. That the verdict upon which the judgment was based is against the weight of the evidence and is contrary to law.

7. That the verdict upon which the judgment was based is excessive as to the amount of damages awarded and appears from the record to have been given under the influence of passion and prejudice.

8. That there are other errors of law which prevented defendant from having a fair trial, as is apparent upon the face of the record.

1. The misconduct complained of under this assignment of error is that during the *voir dire* examination of the jury Fitzpatrick entered the courtroom, whereupon Light, of counsel for plaintiff, called the attention of the jury to him, pointing him out to the members of the jury, and inquired of all the members of the jury whether any of them were acquainted with Fitzgerald, and inquired of talesman Mabel Parlette if she was acquainted with Fitzgerald, who sat in the back of the room, and pointed out Fitzpatrick.

No objections were made by the defendant to those questions and the defendant made no suggestion to the court that the questions mentioned were improper, so that no foundation was laid by the defendant in claiming error in respect to those questions.

Furthermore, it appears from the briefs of the parties that Fitzpatrick, to whom plaintiff's counsel had

referred as Fitzgerald, was the agent for the insurance company defending the action, and under those circumstances the questions asked were proper.

2. In his briefs filed herein, defendant has failed to point out where any evidence offered by the plaintiff was erroneously admitted over the objection of defendant, so it is unnecessary to consider this assignment.

3. The three special charges submitted by the plaintiff, and given by the court, to which this assignment refers, are as follows:

"Plaintiff's special request No. 1.

"I charge you, ladies and gentlemen of the jury, that in this case, it was the duty of the defendant, Steve Yuhas, to yield the right of way at the intersection of McDonald street and Grand avenue to Robert Greenawalt, if Robert Greenawalt was driving in the lawful manner; and so driving, Robert Greenawalt had the right to assume that Steve Yuhas would yield the right of way to him."

"Plaintiff's special request No. 2.

"The defendant in this case charges Robert Greenawalt with contributory negligence. The burden is upon the defendant to establish this defense by a preponderance of the evidence, and likewise, to further establish that such contributory negligence contributed to the injuries sustained by Robert Greenawalt."

"Plaintiff's special request No. 3.

"It was prima facie lawful for Robert Greenawalt to drive his automobile at a speed of as much as thirty-five miles per hour immediately before and at the time of the collision."

Defendant contends that each of these special charges violates the rule that a preargument request

to charge must not only state the law correctly and clearly within itself and be pertinent to at least one of the issues to be determined in the case, but should be complete in itself—a complete statement of law on the question involved in it and should contain every element belonging to the proposition.

With reference to the first special request, defendant contends that it violates the rule mentioned for the reason that it does not contain the essential qualification that, if the driver having the right of way discovers that the driver of the other vehicle is not yielding the right of way and has thereby placed himself in a perilous situation, it becomes the duty of the former to use ordinary care not to injure the latter after becoming aware of his perilous position.

The qualification suggested would reflect only upon the issue of the contributory negligence of the plaintiff, raised by the defense in the answer.

In the case of *Swing, Trustee,* v. *Rose,* 75 Ohio St., 355, 369, 79 N. E., 757, 760, the Supreme Court held that subdivision 5, Section 5190, Revised Statutes (Section 11420-1, General Code), pertaining to instructions before argument, "does not contemplate that such written instruction should cover every branch and feature of a case on trial, including the effect of an affirmative defense of payment, settlement or release."

And in the case of *Makranczy* v. *Gelfand, Admr.,* 109 Ohio St., 325, 338, 142 N. E., 688, the Supreme Court held that the defenses of the negligence or contributory negligence of the decedent are affirmative defenses, and, applying the doctrine of the *Swing case,* that "the instructions complained of would not be objectionable even though they did not cover the issues raised by such affirmative defenses as claimed by defendant, present plaintiff in. error."

Following those decisions, we hold that the failure to add the qualification suggested, to the first special charge as submitted to the jury did not render such special request incomplete or improper.

The defendant contends further that the words, "and so driving," imply the existence of a material fact not disputed and infer that plaintiff's decedent was driving in a lawful manner which fact was very much in dispute.

The phrase mentioned, as used, clearly refers back to the last clause preceding it, i. e., "if Robert Greenawalt was driving in the lawful manner," and does not have the implication the defendant has attributed to it. As used, it is a correct statement of the law applicable to the issues in the case and does not render this special charge erroneous.

With reference to the second special request, the defendant contends that it also violates the rule above mentioned for the reason that the request does not contain the essential qualification that, if plaintiff's own evidence raises a presumption of contributory negligence on the part of the decedent, the burden is upon plaintiff to counterbalance this presumption.

The evidence introduced on behalf of plaintiff tended to prove that plaintiff's decedent was six feet, four inches tall, weighed 180 pounds, and wore a number 12 shoe; that there were two adult girls riding with plaintiff's decedent in the front seat of plaintiff's decedent's automobile at the time the collision occurred; that previous to the collision they were all engaged in conversation; and that neither of the girls saw the Yuhas car until a split second before the collision.

Other evidence introduced on behalf of plaintiff tended to prove other facts and circumstances connected with and surrounding the collision, the place

of impact and the locations to which the respective automobiles had proceeded immediately following the collision, but not showing contributory negligence as a matter of law but from which the jury might infer as a fact that the negligence of plaintiff's decedent had contributed to cause the collision and plaintiff's decedent's resulting injuries and death.

Under the provisions of Section 6307-68, General Code, a person is negligent in riding in an automobile when there are seated in the front seat such number of persons as to obstruct the view of the driver to the front or sides of the vehicle or as to interfere with the driver's control of the car.

There was no evidence in this case to indicate that the front seat of the automobile in which plaintiff's decedent was riding was of unusual width, or that the adults riding in the seat were less than normal size. To the contrary, the evidence showed that the front seat of the car in which plaintiff's decedent was riding was two inches less in width than the front seat of the other automobile involved in the collision, and that at least one of the adults riding in the front seat was of unusual size.

In the case of *Sheen* v. *Kubiac,* 131 Ohio St., 52, 57, 1 N. E. (2d), 943, it was held that whether the presence of three persons in the front seat of an automobile furnishes a basis for a charge of negligence must depend, in the absence of statute or ordinance, upon the particular circumstances of the case, and, where there is no evidence in the case to indicate anything in this respect other than an ordinary automobile seat and three adults of normal size, it is not error for the court to consider the situation as one for submission to the jury on the questions of contributory negligence and proximate cause.

In the case of *Cleveland Ry. Co.* v. *McCoy,* 28 Ohio App., 318, 162 N. E., 699, it was held that a charge of the court on contributory negligence must be a complete charge showing both what the duty of plaintiff is respecting the burden of proof and what the duty of defendant is in respect to burden as to contributory negligence.

In the opinion in that case, it was stated that it was not error for the court to charge upon contributory negligence, where in so charging the court charged fully upon the subjects of burden of proof in case the plaintiff's evidence raised a presumption of contributory negligence, and the burden that rests upon the defendant. The court held also that the question whether this presumption was raised was a question for the jury.

In the case of *Springfield* v. *Wyatt,* 11 Ohio Law Abs., 116, it was held:

"The burden of showing contributory negligence is upon the defendant, unless an inference of contributory negligence may fairly arise from the plaintiff's own testimony, in which case such inference must be removed by the plaintiff by a fair consideration of all the evidence, and a failure to so charge on the issue of contributory negligence is prejudicial error."

While the trial court would not have been justified in saying that contributory negligence of plaintiff appeared as a matter of law, the jury might have said that it was to be found as a matter of fact upon consideration of all the circumstances in the case. *Darling* v. *Younker,* 37 Ohio St., 487, 41 Am. Rep., 532.

In *Eckroate* v. *Bauders,* 41 Ohio App., 361, 180 N. E., 76, it was held that an instruction that the burden was on defendant to establish plaintiff's contributory negligence is erroneous as limiting defendant to his own evidence.

Where the evidence introduced on behalf of a plaintiff administrator is of such character that the court as a matter of law or the jury as a matter of fact may find therefrom that the negligence of plaintiff's decedent contributed to cause his injury and death, such contributory negligence on the part of plaintiff's decedent, if found to exist, constitutes an infirmity in plaintiff's cause of action which it is unnecessary to attack by an affirmative defense of contributory negligence on the part of plaintiff's decedent. Consequently, the rule set forth in the *Makranczy case,* that a special request before argument need not cover every feature of the case on trial, including the effect of affirmative defenses such as negligence or contributory negligence, has no application to a case such as the instant case where a jury may find from the evidence introduced by plaintiff that the negligence of plaintiff's decedent contributed to cause his injuries and death.

For these reasons, and following the authorities mentioned, we find that the court erred in submitting plaintiff's special request No. 2 to the jury, for the reason that the same was incomplete under the rules above mentioned, in not being qualified by a further instruction to the effect that "unless upon the evidence introduced by plaintiff an inference fairly arises that plaintiff's decedent was negligent and that such negligence contributed to his injuries and resulting death, in which event the burden is upon the plaintiff to counterbalance such inference."

The defendant contends that special request No. 3 is likewise incomplete and misleading in that it picks out only a part of the statute and omits the most important provision thereof which requires that motor vehicles be operated at a speed neither greater nor less than is reasonable or proper.

That request was based on one of the provisions of Section 6307-21, General Code. The first provision of this section prescribes:

"(a) No person shall operate a motor vehicle, * * * in and upon the streets and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the street or highway and of any other conditions then existing, and no person shall drive any motor vehicle, * * * in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

The provisions of this section, on which the request to charge is based, are a qualification of the portion of the section above quoted, and it is essential for the court to charge the quoted provision in order for the jury to properly understand the provision of the section on which this special charge was based, and the court erred in submitting this special request which did not comprehend the quoted provision. However, this error was cured in the general charge, by the court fully charging the applicable provisions of the section mentioned, so that this error was not prejudicial. The correct statement in the general charge cured the giving of the requested instruction which was a correct but incomplete statement of the applicable rules of law. 2 Ohio Jurisprudence, 989, Section 789; *Makranczy* v. *Gelfand, supra* (fourth paragraph of the syllabus); *Evans* v. *Bruggeman,* 7 Ohio Law Abs., 536.

4. The defendant does not point out or argue in his brief any error of the court in refusing to give the special charges submitted by the defendant before argument, and consequently this assignment of error will not be considered.

5. (a) The only purpose which could have been accomplished by the introduction in evidence, of the provisions of the ordinance of the city of Lima, pleaded in the petition, was to establish that Grand avenue is a "through highway" at the entrance to which, under the statutes of Ohio, vehicular traffic from intersecting highways is required by law to stop before entering or crossing the same, and that stop signs were posted at the entrance to this "through highway" on McDonald street.

The defendant, Yuhas, in his testimony admitted that traffic on Grand avenue had the right of way over traffic on McDonald street and that McDonald street was a stop street and Grand avenue a through street. It also appears from the record that stop signs were posted on McDonald street at the entrances to Grand avenue. These admissions established that Grand avenue was a "through highway" as defined in Section 6307-2, General Code, at the entrances to which vehicular traffic from intersecting highways is required by law to stop before entering or crossing the same, so there was no occasion to offer the ordinance in evidence. The court cured the error in charging the provisions of the ordinance and their application to the issues in the case by withdrawing the ordinance and that part of the charge with reference to the application thereof from the consideration of the jury.

(b) The words and phrases which had been ordered obliterated from the petition, but were read to the jury through oversight, were words and phrases terming the conduct of defendant as reckless, unlawful, and so forth, and were inconsistent with the allegations of the petition charging defendant with negligence, as they implied wanton or wilful misconduct rather than negligence. These words and phrases would have con-

stituted the basis for a charge on wanton and wilful misconduct, which is governed by different rules than negligence, particularly in that contributory negligence is not a defense to wanton and wilful misconduct. Although the judge read the words and phrases mentioned, he did not charge on wanton and wilful misconduct, and the mere reading of the words and phrases, without basing a charge thereon, was not prejudicially erroneous.

(c) As the admission of defendant established that Grand avenue was a "through highway" and that McDonald street was not, the court properly charged that all traffic lawfully moving in either direction on Grand avenue had the right of way over traffic approaching Grand avenue on McDonald street.

(d) The portion of the charge complained of under section (d), while not in the best possible form, properly stated the law applicable to the situation with reference to withdrawing from the consideration of the jury any allegations in the petition or reference in the charge of the court as to the ordinance of the city of Lima and was not misleading or erroneous.

(e) The court improperly charged the speed limitation in the first part of his charge, and his correction of the same and his instructions with reference to the proper speed limit, while not in the best possible form, did correctly state the law applicable to this situation and the proper speed limit applicable, the undisputed evidence establishing that the collision occurred in a residential section of the city of Lima.

6. While the evidence in this case sharply conflicts in many instances, there is substantial credible evidence to support the verdict, and the verdict is not against the weight of the evidence or contrary to law.

7. In a case of this character the amount of damages

to be awarded is almost wholly within the discretion of the jury and it does not appear from the record that the damages awarded were given under the influence of passion and prejudice, or were excessive.

8. The defendant does not point out or argue in his brief any errors under this assignment of error, and consequently the same will not be considered.

For the error of the court, above mentioned, in submitting to the jury plaintiff's special request to charge No. 2, the judgment will be reversed and the cause remanded for a new trial and further proceedings according to law, at costs of plaintiff.

*Judgment reversed.*

Jackson, P. J., and Middleton, J., concur.