**FELDER, Plaintiff-Appellee, v. PUGH, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4127. Decided September 17, 1948.

Benjamin F. Levinson, Columbus, for plaintiff-appellee.
Russ Bothwell, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is an action for damages resulting from a collision between two automobiles at a right angle street intersection. A jury trial was had and resulted in a verdict for the plaintiff.

The record discloses that to the petition an answer and cross-petition were filed. A motion was then filed by the plaintiff to strike the cross-petition from the files for the reason that "it is a sham pleading and serves no purpose other than attempting to prejudice plaintiff's cause of action for the reason that any claim that the defendant may or might have had against the plaintiff has been fully satisfied and paid for". In support of this motion the plaintiff offered the deposition of the defendant in which he admitted his signature to a full release for all damages arising out of the said collision for the sum of $1100.00. A copy of the release is attached to the deposition and known as Plaintiff's Exhibit A. The Court sustained this motion, which ruling is set forth as defendant-appellant's first assignment of error.

Counsel is relying upon the case of **Perry v. O'Neil, 78 Oh St 200,** and after a careful examination we are of the opinion that this case is not on all fours with the case at bar. In the O'Neil case the release that was executed was sought to be set aside upon the ground of fraud. The issue of fraud is not raised with reference to the release in the case at bar. The O'Neil case holds in syllabus 3:

"If the execution and delivery of the release are admitted, the burden of proving it void is upon the releasor."

Syllabus 1 also provides:

"* * *; but if it is not void, but only voidable, **he cannot maintain his action** until the release is set aside." (Emphasis ours.)

This case holds in substance that unless there is evidence of fraud in the obtaining of the release the Court will commit prejudicial error to submit to the jury the question of whether or not the release is the contract of the plaintiff. The trial court properly sustained the motion to strike the cross-petition from the files.

The next assignment is that the Court erred in entering

judgment for the plaintiff and against the defendant based on the general verdict, and in overruling defendant's motion for a judgment. The record discloses that the following special interrogatory was submitted to the jury: "Was there any negligence on the part of Mr. Felder, the plaintiff, that proximately contributed to cause the collision? Answer yes or no." And the answer was "Yes". This interrogatory was submitted to the jury by the defendant without objection by or on behalf of the plaintiff. It was signed by ten members of the jury. It is the claim of the defendant-appellant that the answer to said interrogatory is inconsistent with the general verdict; that it is controlling and requires the Court to render a judgment for the defendant-appellant. **Sec. 11420-17 GC** provides:

"When either party requests it, the Court shall instruct the jurors, if they render a general verdict, specially to find upon particular questions of fact, to be stated in writing, and shall direct a written finding thereon. The verdict and finding must be entered on the journal and filed with the Clerk."

**Sec. 11420-18 GC** provides:

"When a special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the Court give judgment accordingly."

Judge Leach in overruling the motion for a judgment non obstante veredicto held in substance that the interrogatory does not call for a special finding upon a particular question of fact as contemplated by the statutory provision, but rather for a combined finding of fact and conclusion of law. Citing **Steel Co. v. Ianakis, 93 Oh St 300** (the doctrine of which was later approved in **Mason Tire & Rubber Co. v. Lansinger, 108 Oh St 377,** and **Elio v. Akron Transportation Company, 147 Oh St 373**). The question presented there was identical with the question in the case at bar, and we believe that no further comment is necessary.

The next error assigned is that the Court erred in overruling defendant-appellant's motion for a new trial, alleging that the Court as a matter of law should find the plaintiff guilty of contributory negligence. We find no evidence in the record to support this conclusion, and the motion was properly overruled.

We find no errors in the record, and the judgment is ordered affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.