CASE, APPELLANT, *v.* CARTER, APPELLEE.

(No. 2371—Decided December 20, 1956.)

*Messrs. Landis, Ferguson, Bieser & Greer,* for appellant.
*Messrs. Altick & McDaniel,* for appellee.

HORNBECK, J. This is an appeal on questions of law from a judgment for defendant entered on the verdict of a jury.

The action is for damages in the form of hospital and medical bills and loss of wages incurred as a result of injuries suffered by plaintiff in a collision between a trolley coach being driven by plaintiff, moving eastwardly on First Street in the city of Dayton, and a Hudson sedan being driven by defendant southwardly on Webster Street. Webster Street and First Street intersect, and the collision occurred in the intersection. The amended petition sets out three specifications of negligence:

1. Failure of defendant to stop his automobile for red traffic light showing for southbound traffic.

2. Failure to keep lookout.

3. Operating his automobile at a rate of speed at approximately 50 miles per hour.

The answer specifically denies the negligence charged.

Appellant assigns two errors:

1. In stating in its general charge that a car entering on a yellow light is lawfully within the intersection and that other traffic must yield the right of way to it.

2. In giving special interrogatories Nos. 1, 2 and 3 requested by defendant.

The language of the general charge to which the assignment is directed is:

"On the green light, vehicles facing the signal may proceed into and through the intersection. But such traffic, entering on the green light, shall yield the right of way to vehicles lawfully within the intersection at the time such light changed to green.

"* * * one entering the intersection on the green light may proceed uninterruptedly in a lawful manner in the direction in which he is moving in preference to another vehicle approaching from a different direction into his path, however, the operator of such vehicle as enters on the green light shall yield the right of way to any vehicle lawfully within the intersection at the time such green light is first exhibited.

"* * *

"When the yellow or caution light is shown following the green or go signal, a vehicle facing such yellow signal may enter the intersection, however, the operator of such vehicle is thereby warned that the red or stop signal light will be exhibited immediately thereafter.

"* * *

"If a person, operating a car lawfully and at a reasonable speed, enters an intersection on a green or yellow light, he is lawfully in the intersection. Under those circumstances, if the light thereafter turns against such person, other traffic proceeding in a different direction is required to yield the right of way even though the traffic light turned to green in favor of such other traffic proceeding in the other direction."

Subparagraph (G) of the controlling section (Section 4511.13, Revised Code) reads:

"Any traffic lawfully upon the roadway within an intersection at the time a traffic control signal changes may continue cautiously through the intersection with due regard for the safety and rights of all persons using the roadway."

Upon request, the trial judge gave defendant's special instruction No. 10, which reads:

"You are instructed that the defendant, Henry T. Carter, had the right to enter the intersection on either a green or a yellow traffic signal being displayed for him, and if you find that the defendant did enter the intersection on either such green or yellow signal, then the defendant would have the right of way in preference to the trolley bus being operated by plaintiff, and defendant under such circumstances would have the right to continue cautiously through the intersection."

It will be observed that instruction No. 10 includes the obligation of the defendant, if he entered the intersection on a green or yellow traffic signal being displayed for him, to continue cautiously through the intersection. The general charge omits the obligation to continue cautiously.

Plaintiff contends that the statute does not authorize an automobilist to enter an intersection on the yellow signal and that the failure to qualify the defendant's right to proceed through the intersection on a yellow signal was prejudicially erroneous because it did not contain all the statute on the subject and cites *Greenawalt, Admr.,* v. *Yuhas,* 83 Ohio App., 426, 84 N. E. (2d), 221. He also claims that the effect of the special charge and the general charge was to instruct the jury properly in one instance and improperly in the other, which is erroneous.

The controlling statute, Section 4511.13, Revised Code, as it pertains to the yellow signal at a traffic light, says:

"(B) Yellow alone or 'caution' when shown following the green or 'go' signal:

"* * * *

"(2) All other traffic facing the signal is warned that the red or 'stop' signal will be exhibited immediately thereafter * * *."

In fixing the period during which the yellow signal is displayed, following the green, and before the red, the city of Day-

ton and other cities have not construed the word "immediately" as meaning "at once," "instantly," but as succeeding in direct connection. That is to say, the red will in direct connection follow the yellow.

The court charged this provision of the statute in its identical terms. The earlier part of the section, referring to the green signal, reads:

"(A) Green alone or 'go' signal:
"* * *

"(2) All other traffic facing the signal except as provided under Sections 4511.36 and 4511.58 of the Revised Code may proceed straight through * * * unless a sign at such place prohibits either such turn. But such traffic shall yield the right of way to vehicles * * * lawfully within the intersection * * * at the time such signal is exhibited."

The section clearly requires one who has the "go" signal to yield the right of way to vehicles lawfully within the intersection. The statute does not require an automobilist to stop at an intersection when faced with a yellow light. It puts such motorist upon notice that a red signal will follow immediately which, in itself, would require caution in entering or in moving through the intersection after entering. Inasmuch as it is the implication of the statute that the automobilist moving into the intersection on a yellow light has the right to so enter, it follows that he entered lawfully and had a right to continue through the intersection. This construction is strengthened by the fact that Section 4511.13, Revised Code, before its amendment, effective September 11, 1951, carried a prohibition against entering the intersection until a green or "go" sign is shown alone.

We are satisfied, then, that the court was correct in charging that the defendant was lawfully within the intersection if he entered it while the light was yellow for him.

But it is urged that the general charge is incomplete and inconsistent with the special charge. We do not so read it. It is incomplete, but it is correct so far as it states the terms of the statute. The jury, before the general charge was given, had been instructed properly as to the obligation upon defendant to move through the intersection cautiously if he entered

on a yellow light. We are of the opinion that the general and special charges constitute the law and come within the cases cited by appellee, *i. e., Evans* v. *Bruggeman,* 7 Ohio Law Abs., 536; *Varner* v. *Eppley, Admr.,* 125 Ohio St., 526, 182 N. E., 496.

There is another reason especially compelling upon this court why we may not hold that the failure of the trial judge to charge the statute fully was prejudicial error. If erroneous, it was but an error of omission. In the case of *State* v. *Tudor,* 154 Ohio St., 249, 95 N. E. (2d), 385, the defendant was on trial for first degree murder. The jury had the case under consideration for some time, and returned to the courtroom and made a request of the trial judge for further instructions respecting the right of the defendant to parole if the jury returned a verdict of first degree murder and recommended mercy. The court charged the jury:

"But the point is that a person convicted of murder in the first degree now, with a recommendation of mercy, is eligible for parole after the expiration of 20 years."

We held that the charge was incomplete and incorrect and prejudicial because it did not state fully the further statutory essential to the right to parole, that a commutation of sentence be first granted by the Governor. We followed the well-recognized principle of *Greenawalt, Admr.,* v. *Yuhas, supra,* that if a court undertakes to charge on the subject matter of a statute or principle of law, it must charge it completely.

However, the Supreme Court reversed the judgment of this court and, in the first paragraph of the syllabus, held:

"Where a trial court gives an instruction in answer to an inquiry of the jury which instruction is incomplete but correct as far as it goes, counsel has the duty to request the trial court to charge further so as to eliminate any possible confusion of the jury which may result from the incompleteness of such instruction. Any failure to charge further, if it is error, is an error of omission and not of commission. Unless counsel has requested the court to supply the omission, such error will not ordinarily justify reversal even in a criminal case."

We therefore, in the instant case, hold that the failure of the court to charge the statute in its entirety, though an error, was one of omission and not of commission and not reversible.

The second assignment of error is directed to the giving of special interrogatories Nos. 1, 2 and 3, requested by the defendant. The first interrogatory—"Was Carlie W. Case negligent in any manner contributing directly and proximately to his own damage?"—was answered in the affirmative.

Interrogatory No. 2:

"If your answer to special interrogatory No. 1 is 'Yes,' you need not answer this interrogatory.

"If your answer to special interrogatory No. 1 is 'No,' was Henry T. Carter negligent in any manner directly and proximately causing the collision?"

Interrogatory No. 3:

"If you are required to answer special interrogatory No. 2, and your answer to said interrogatory is 'No,' or if you are not required to answer said special interrogatory No. 2, then you need not answer this interrogatory.

"If you are required to answer special interrogatory No. 2, and your answer thereto is 'Yes,' you must answer this interrogatory.

"State of what the negligence of defendant Henry T. Carter. consisted."

The first interrogatory having been answered in the affirmative, the second and third were not answered.

Interrogatory No. 4:

"If your answer to special interrogatory No. 1 is 'No,' you need not answer this interrogatory.

"If your answer to special interrogatory No. 1 is 'Yes,' you must answer this interrogatory.

"State of what the negligence of Carlie W. Case consisted."

This was answered as follows:

"The negligence of Carlie W. Case consisted of not assuring himself that the intersection was clear before entering the intersection even though Carlie W. Case had a green light as per instructions No. 8."

Appellant contends that no inquiry touching the contributory negligence of plaintiff was permissible under the present statute (Section 2315.16, Revised Code), and under the former statute No. 1 was improper because it called for an answer of fact and law. He cites *Brier Hill Steel Co.* v. *Ianakis*, 93

Ohio St., 300, 112 N. E., 1013; *Felder* v. *Pugh,* 84 Ohio App., 271, 81 N. E. (2d), 639, and *Bradley, an Infant,* v. *Mansfield Rapid Transit, Inc.,* 154 Ohio St., 154, 93 N. E. (2d), 672.

The first and fourth interrogatories, taken together, are approved in the fourth paragraph of the syllabus of *Davison* v. *Flowers,* 123 Ohio St., 89, 174 N. E., 137, and are not in conflict with the cases cited by appellant. All of these cases were decided under either Section 11463 or Section 11420-17, General Code, which statutes were identical with Section 2315.16, Revised Code, prior to amendment, effective October 4, 1955.

Section 2315.16, Revised Code, as amended, reads:

"When either party requests it, the court shall instruct the jurors, if they render a general or special verdict, specially to find upon *particular material allegations contained in the pleadings controverted by an adverse party * * *.*" (Emphasis added.)

We agree with the contention of appellant that no inquiry respecting contributory negligence was proper by reason of the italicized part of the controlling statute. Although it is conceded by all authorities that contributory negligence is an affirmative defense, our Supreme Court has held that it may be made an issue by the evidence, and if it is the trial judge must charge respecting it, and a failure to do so is prejudicial error. This rule that contributory negligence need not be pleaded is a hybrid in the law. The answer does not allege contributory negligence.

The interrogatory respecting contributory negligence of plaintiff was improperly submitted to the jury, but we fail to see how it could have been prejudicial to the plaintiff.

The general verdict, as well as the answer to the interrogatories, is against the claim of negligence upon which plaintiff bases his right to recover, *viz.,* that defendant ran a red light.

We find neither assignment of error sustained. The judgment is affirmed.

*Judgment affirmed.*

Wiseman and Conn, JJ., concur.

Conn, J., of the Sixth Appellate District, sitting by designation in the Second Appellate District.