STANN, Jr., Appellant, v. JACK P. TAUS & ASSOCIATES, INC., and THE BAIRD-FOERST CORP., Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24475.   Decided July 16, 1958.

John R. Crossen, for appellant.
McConnell, Blackmore, Cory & Burke, for appellees.

(HUNSICKER, PJ, DOYLE, J, of the Ninth District, HORNBECK, J, of the Second District, sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, PJ.

On August 20, 1954, at or about 9 o'clock in the morning, William C. Stann, Jr., was driving an automobile east on Wallings Road, Cuyahoga County Ohio, intending to turn north on State Road. A traffic light controls traffic at the intersection of Wallings Road and State Road. At the time Mr. Stann was driving east near this intersection, Edward S. Graczyk, an employee of The Baird-Foerst Corporation, was driving a truck south on State Road. A collision occurred in this intersection between these two motor vehicles.

Mr. Stann filed an action against the appellees herein to recover damages for the injuries he alleged that he received as a result of the negligence of Graczyk.

At the conclusion of the evidence in behalf of Stann, the trial court directed a verdict for the defendants. It is from the judgment entered on that verdict that an appeal on questions of law is lodged in this court.

The sole question to be determined by this court is, Did the plaintiff below, appellant here, Mr. Stann, under the facts set forth in the record, establish a prima facie case of negligence against the appellees?

Does the evidence introduced by appellant, Stann, construed most favorably to him, justify a determination that reasonable minds could come to but one conclusion, and such conclusion being adverse to the appellant, Stann?

Could reasonable minds reach a different conclusion herein, when we consider all of the evidence?

The rule is well stated in **4 O. Jur. 2d, Appellate Review, Sec. 1085,** as follows:

"* * * upon a motion to direct a verdict, if the trial court, after construing the evidence most strongly in favor of the person against whom the motion is directed, finds that upon any essential issue reasonable minds could come to but one conclusion upon the evidence submitted and that such conclusion is adverse to such party, it should direct a verdict against him, and not allow the jury to speculate upon the question; but if reasonable minds may reasonably reach different conclusions, or draw different inferences upon any question of fact, the motion should be denied and the case submitted to the jury. * * *"

Stann said that he entered the intersection at a rate of speed of between 20 and 25 miles an hour, and that 15 or 20 feet from the intersection he noticed the traffic light change to the yellow, or caution, color. This light was green prior to the change to yellow. He did not stop, but continued on into the intersection.

The only other witness to the collision, who testified, was the driver of the truck, Edward Graczyk. His deposition was offered by counsel for Stann.

This witness said he was 300 or 400 feet from the traffic light when he first saw it, at which time it was red for north-south traffic; and that he was 75 to 100 feet from that light when he first saw Stann, at which time the light was green for north-south traffic. Stann, at that time, was almost underneath the light, and Graczyk kept his speed at 30 to 35 miles an hour.

Later in his testimony he said the light turned green when he was about 50 or 60 feet away, at which time he was still going 30 to 35 miles an hour. He also said Stann was directly ahead of him in the intersection when he was "a little further" than "50 feet or so back."

The evidence thus unfolds to show the following, when construed most favorably in behalf of Stann:

The appellant sought to get through the traffic light on the yellow, or caution, color, knowing that it was a light that changed fast from yellow to red. Graczyk, who was driving at a rate of speed one-third faster than Stann, saw Stann in the intersection underneath the traffic light 50 to 60 feet ahead of him, at which time that light just turned

green. At no time did Graczyk slacken his speed before entering the intersection, after observing Stann in the intersection.

Stann said Graczyk did not enter the intersection on the green, or go, signal. Graczyk said he did enter the intersection on a green, or go, signal. If Stann was in that intersection lawfully, then under the terms of §4511.13(A) (2) R. C., Graczyk was required to "yield the right of way to vehicles * * * lawfully within the intersection * * *."

We then must determine whether Stann was lawfully within the intersection.

To say that Stann was within the intersection lawfully is to say that one may enter an intersection upon a yellow or caution light, and secure thereby the benefit of the right of way granted to one who enters the intersection under favor of §4511.13(A) (2) R. C.

Judge Skeel, of this court, sitting by designation in the Supreme Court of Ohio, said, in the case of **Indianapolis & Southeastern Trailways, Inc., v. Cincinnati Street Ry. Co., 166 Oh St 310, at page 318:** " 'Lawfully within the intersection' refers to traffic that has moved into the intersection upon the 'green' light being displayed by the automatic traffic signal directing such traffic."

This does not say that one entering an intersection on a yellow light is in the intersection unlawfully. The traffic law, with respect to the duty of one proceeding on the yellow, or caution, light, has been amended by eliminating the requirement for traffic to stop when the yellow, or caution, light is displayed. See former §6307-13 GC.

Judge Hornbeck, when interpreting this amended statute, said, in **Case v. Carter, 103 Oh Ap 11 at p. 14:**

"The section clearly requires one who has the 'go' signal to yield the right of way to vehicles lawfully within the intersection. The statute does not require an automobilist to stop at an intersection when faced with a yellow light. It puts such motorist upon notice that a red signal will follow immediately which, in itself, would require caution in entering or in moving through the intersection after entering. Inasmuch as it is the implication of the statute that the automobilist moving into the intersection on a yellow light has the right to so enter, it follows that he entered lawfully and had a right to continue through the intersection. This construction is strengthened by the fact that §4511.13 R. C., before its amendment, effective September 11, 1951, carried a prohibition against entering the intersection until a green or 'go' sign is shown alone."

Stann, although he moved into the intersection on the yellow light, was in the intersection lawfully, and Graczyk was then required to yield to him the right of way.

Graczyk, who said he was travelling at a speed of 30 to 35 miles an hour (Stann fixes Graczyk's speed at a higher figure), saw Stann under the traffic light. It is obvious, when we construe this evidence most favorably to Stann, that Graczyk was not then exercising that degree of care accorded one to whom he owed the duty to yield the right of way. "Right of way" is defined by subdivision "(RR)" of §4511.01 R. C., as follows:

" 'Right of way' means the right of a vehicle, streetcar, trackless trolley, or pedestrian to proceed uninterruptedly in a lawful manner in the direction in which it or he is moving in preference to another vehicle, streetcar, trackless trolley, or pedestrian approaching from a different direction into its or his path."

We think it follows that, whether Stann was proceeding straight through the intersection, or making a turn to go north on State Road, he was entitled to all of the rights given to one lawfully in the intersection.

We determine, therefore, that the trial judge was in error when he directed a verdict for the appellees at the conclusion of the case in chief. The judgment entered on that verdict should be reversed, and the cause remanded to the trial court for further proceedings according to law.

DOYLE and HORNBECK, JJ, concur.