CITY OF SPRINGFIELD, APPELLEE, *v.* STOVALL, APPELLANT.

(No. 593—Decided March 16, 1962.)

*Mr. Gerald F. Lorig*, for appellee.
*Messrs. Curtner, Brenton & Selva*, for appellant.

KERNS, J. On May 6, 1961, an affidavit was filed in the Municipal Court of Springfield, Ohio, charging the defendant with the following offense:

"* * * one Charles D. Stovall did fail to stop on the yellow or caution signal of a traffic control signal at the intersection of Columbia and Spring Streets, when said yellow or caution signal was shown following the green or go signal, contrary to Section 721.01 (b), Codified Ordinances of said city in such case made and provided."

Thereafter, the defendant filed a motion to dismiss the charge against him on the grounds that the ordinance of the city of Springfield under which he was charged is contrary to law, invalid, and in conflict with Section 4511.13, Revised Code.

The motion was overruled, and the case was submitted to the trial court upon the following agreed statement of fact:

"The defendant was arrested after operating his motor vehicle east on Columbia Street in the city of Springfield and when at the intersection of Spring and Columbia Streets did enter the said intersection on a yellow caution light which followed a green signal."

Upon the record thus presented, the trial court found the defendant guilty of the charge.

The sole issue for our determination in this appeal is whether the city ordinance under which the defendant was charged is in conflict with the statute covering the same subject matter. Both the state and a municipal corporation may have concurrent jurisdiction over the same subject matter, provided there is no conflict between the statutes of the state and the ordinances of the municipality. Section 3, Article XVIII, Constitution of Ohio; 62 Corpus Juris Secundum, 286, Section 143. However, an ordinance in conflict with a state law of general character and statewide application is universally held to be invalid. 138 A. L. R., 1208.

Section 721.01 (b) of the Codified Ordinances of Springfield provides in part as follows:

"Whenever traffic is controlled by traffic control signals exhibiting the words 'Go,' 'Caution,' or 'Stop,' or exhibiting different colored lights successively, one at a time, or with arrows, the following colors only shall be used, and said terms and lights shall indicate and apply to operators of vehicles and pedestrians as follows:

"(b) Red or yellow alone, or 'Caution,' when shown following the green or 'Go' signal.

"(1) All traffic facing the signal shall stop provided that any traffic lawfully within the intersection at the time of the change to such signal shall be permitted to continue cautiously through the intersection."

Section 4511.13, Revised Code of Ohio, provides in part as follows:

"Whenever traffic is controlled by traffic control signals exhibiting the words 'go,' 'caution,' or 'stop,' or exhibiting different colored lights successively one at a time, or controlled with arrows, the following colors only shall be used, and the terms and lights shall indicate and apply to operators of vehicles, streetcars and trackless trolleys, and pedestrians as follows:

"* * * *

"(B) Yellow alone or 'caution' when shown following the green or 'go' signal;

"(1) No pedestrian facing such signal shall enter the roadway;

"(2) All other traffic facing the signal is warned that the red or 'stop' signal will be exhibited immediately thereafter, and that pedestrians proceeding in accordance with traffic control signals shall have the right of way."

Are these enactments in conflict? In determining this question, a proper test may be applied by the following inquiry: Does the ordinance prohibit an act which the statute permits or permit an act which the statute prohibits? *Schneiderman, an Infant, v. Sesanstein,* 121 Ohio St., 80; *Village of Struthers v. Sokol,* 108 Ohio St., 263; *State, ex rel. Cozart, v. Carran, City Mgr.,* 133 Ohio St., 50; 37 American Jurisprudence, 787, Section 165.

Reverting to the *ordinance* in question, it is clear therefrom that a motorist is required to stop at an intersection when faced with the yellow light. On the other hand, the *statute* under consideration implies, and this court, in construing such statute, has held, that a motorist is not required to stop at an intersection when faced with a yellow light. *Case v. Carter,* 103 Ohio App., 11. In that case the syllabus provides:

"1. Under the provisions of Section 4511.13, Revised Code, a motorist who enters a street intersection controlled by a traffic signal on a yellow light is lawfully within the intersection and may continue cautiously through the intersection, and traffic entering the intersection from another direction on a change of a light to green shall yield the right of way to him."

The same result was reached in the case of *Stann v. Jack P. Taus & Associates, Inc.,* 79 Ohio Law Abs., 217.

It thus appears that the ordinance forbids that which the statute permits.

Practical considerations point even more convincingly to the operational inconsistency of the two enactments. If some municipalities were permitted to prohibit a motorist from entering an intersection on a yellow light following a green light, and others, conforming with the general law on the subject, permitted the same act, every motorist traveling throughout Ohio would necessarily have to approach such traffic signals with a menacing uncertainty and indecision. By the same token, a motorist proceeding with immunity in one city would, by performing the same act under identical circumstances, be subject to criminal prosecution in another city. Surely, a motorist is entitled to some assurance that the "rules of the road" are the same regardless of where he travels. Furthermore, if one municipality may require the operator of a motor vehicle to stop on a yellow signal contrary to the state statute, what prevents another city from enacting legislation requiring the operator to stop on a green signal? It requires very little imagination to visualize the results if each village and city could enact its own traffic laws irrespective of particularly local traffic problems. Obviously, the salutary purpose of the Uniform Traffic Act would be defeated.

Here the ordinance does not merely supplement the statute; its operational effect is in direct conflict therewith.

The trial court undoubtedly applied the ordinance properly to the admitted facts of this case, but, in our opinion, that part of the ordinance under which the defendant was charged is invalid.

The judgment must therefore be, and hereby is, reversed, and the defendant discharged.

*Judgment reversed.*

CRAWFORD, P. J., and SHERER, J., concur.