CITY OF COLUMBUS, Appellee,

v.

SHARAF, Appellant.

[Cite as *Columbus v. Sharaf,* 149 Ohio App.3d 171, 2002-Ohio-4502.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–2.

Decided Sept. 3, 2002.

Janet E. Jackson, City Attorney, Stephen L. McIntosh, City Prosecutor, and Lara N. Baker, Assistant City Prosecutor, for appellee.

Muhanad N. Sharaf, pro se.

HARSHA, Judge.

{¶ 1}  Muhanad N. Sharaf, appearing on his own behalf, appeals from the judgment of the Franklin County Municipal Court that convicted him of violating Columbus Traffic Code 2113.01, a section that requires obedience to traffic control devices.  After a bench trial, the court convicted him of running a red light.

{¶ 2}  At trial, the city presented one witness, the officer who issued the citation.  On direct examination, the officer established venue and his authority to make a traffic stop, then identified Sharaf.  He gave the following testimony regarding the alleged violation:

{¶ 3}  "Q. * * * where did you make contact with the defendant and what were the circumstances?

{¶ 4}  "A. Defendant was observed running a red light while I was sitting at the intersection of East Mound and North [sic] Fourth.  I was able to stop the defendant on North [sic] Fourth just north of Main.

{¶ 5}  "* * *

{¶ 6}  "Q. Did the defendant make any statements to you after being cited?

{¶ 7}  "A. He adamantly denied running the light, became argumentative at one point, but wanted to stress his case that he was not at fault."

{¶ 8}  Upon cross-examination, the officer continued:

{¶ 9}  "Q. * * * when the traffic light turned red, where was my car compared to, you know, the intersection?

{¶ 10} "A. Sir, your vehicle was in the intersection. Our traffic got a green light to go before you'd cleared the actual intersection.

{¶ 11} "Q. Was it in the middle, at the end, or in the beginning of the intersection when it turned red?

{¶ 12} "A. Sir, I can tell you that we had a green light to go, which means you were in a red-light situation before you crossed the crosswalk on the north side of Mound."

{¶ 13} After the city rested, the trial court addressed Sharaf, who declined the opportunity to testify, but instead offered the following closing statement:

{¶ 14} "Your Honor, I don't have any other statements to make other than that I believe I did not disobey the traffic light, and, yes, I do admit passing on yellow but I did not pass on red, and I did not interfere with the crossing traffic. * * *"

{¶ 15} The court then entered a finding of guilty, imposed a $40 fine plus court costs, and journalized its judgment. Sharaf timely filed his pro se appeal from that judgment, presenting the following single assignment of error:

{¶ 16} "The Franklin County Municipal Court in Ohio erred to the prejudice of defendant-appellant by holding that the defendant ran a red light and that he was negligent of realizing the true color of the traffic signal light."

{¶ 17} This assignment of error appears to challenge the sufficiency of the evidence, as well as to suggest that, if the evidence is deemed sufficient as a matter of law, the trial court's judgment must nonetheless be reversed as being against the manifest weight of the evidence. We will treat the assignment of error accordingly, noting that plaintiff-appellee has addressed both issues in its brief. See *State v. Locker*, Butler App. No. CA2001–07–163, 2002-Ohio-2318, at ¶ 4, 2002 WL 975226, and *Mentor v. Kapel* (Mar. 16, 2001), Lake App. No. 2000–L–035, 2001 WL 276961.

{¶ 18} To reverse on the ground that the trial court's judgment is not supported by sufficient evidence, this court must, after viewing the evidence in a light most favorable to the prosecution, determine that a rational trier of fact could not have found the essential elements of the crime proved beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. Sufficiency is a test of adequacy, a question of law. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, citing *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. A conviction based upon legally insufficient evidence amounts to a denial of due process, *Thompkins* at 386, 678 N.E.2d 541, citing *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102 S.Ct. 2211, 72 L.Ed.2d 652; and if this court sustains appellant's insufficient evidence claim, the state will be barred from retrying appellant.

*State v. Willard* (2001), 144 Ohio App.3d 767, 777, 761 N.E.2d 688, citing *State v. Freeman* (2000), 138 Ohio App.3d 408, 424, 741 N.E.2d 566.

{¶ 19} If we decide that the evidence is sufficient as a matter law, we then must consider whether or not the trial court's judgment is supported by the manifest weight of the evidence. A manifest weight argument requires us to engage in a limited weighing of the evidence to determine whether there is enough competent, credible evidence so as to permit reasonable minds to find guilt beyond a reasonable doubt and, thereby, to support the judgment of conviction. *State v. Brooks* (Sept. 25, 2001), Franklin App. No. 00AP–1440, 2001 WL 1117464, citing *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541. We must review the entire record and, with caution and deference to the role of the trier of fact, weigh the evidence and all reasonable inferences to determine whether, in resolving conflicts in the evidence, the trial court clearly lost its way and thereby created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Bezak* (Feb. 18, 1998), Summit App. No. 18533, 1998 WL 103336, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 231, 39 O.O.2d 366, 227 N.E.2d 212. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against a conviction. *Bezak,* citing *Thompkins* at 387, 678 N.E.2d 541.

{¶ 20} Columbus Traffic Code 2113.01 provides that "[n]o * * * driver of a vehicle shall disobey the instructions of any traffic control device * * *." The term "traffic control device" includes a "traffic control signal." Columbus Traffic Code 2101.46. "Traffic control signal" means "any device, whether manually, electrically or mechanically operated, by which traffic is alternately directed to stop, to proceed, to change direction or not to change direction." Columbus Traffic Code 2101.47. Columbus Traffic Code 2113.03 states:

{¶ 21} "Whenever traffic is controlled by traffic control signals exhibiting different illuminated colored lights * * * the following colors only shall be used and the terms and lights shall indicate and apply to operators of vehicles and pedestrians as follows:

{¶ 22} "* * *

{¶ 23} "(b) Circular yellow alone or 'caution' when shown following the green or 'go' signal:

{¶ 24} "(1) No pedestrian facing such signal shall enter the roadway;

{¶ 25} "(2) All other traffic facing the signal is warned that the red or [stop] signal will be exhibited immediately thereafter, and that pedestrians proceeding in accordance with the traffic control signals shall have the right of way."

{¶ 26} Columbus Traffic Code 2113.03(g) addresses changing signals and provides:

{¶ 27} "Any traffic lawfully upon the roadway within an intersection at the time a traffic control signal changes may continue cautiously through the intersection with due regard for the safety and rights of all persons using the roadway."

{¶ 28} Here, the city's sole witness stated that he observed Sharaf running the red light but explained on cross-examination that he reached that conclusion because appellant had not cleared the intersection by the time the signal controlling Sharaf's direction of travel turned red. The witness clearly described the northbound vehicle as being within the intersection but south of the northernmost crosswalk at the time the signal changed from yellow to red.

{¶ 29} Ohio courts have construed both local and state traffic code provisions that are similar to Columbus Traffic Code 2113.01 and 2113.03 to mean that a motorist who enters an intersection on a yellow signal is lawfully within the intersection and, having the right-of-way, may continue with caution through the intersection. *Kapel; S. Euclid v. Moss* (Oct. 14, 1999), Cuyahoga App. No. 74903, 1999 WL 820482; *Bowling Green v. Kilpatrick* (Jan. 25, 1991), Wood App. No. WD–90–21, 1991 WL 7271; and *Springfield v. Stovall* (1962), 117 Ohio App. 203, 205, 23 O.O.2d 475, 192 N.E.2d 72. Any judicial interpretation of a municipal ordinance "that makes it unlawful to enter an intersection on a yellow light and exit on a red light is contrary to the clear language of those ordinances and in conflict with the law of this state." *Kilpatrick*, citing R.C. 4511.12 and 4511.13.

{¶ 30} The limited testimony presented in this case is insufficient as a matter of law to prove a violation of Columbus Traffic Code 2113.01 and 2113.03. This is not a case, as in *Locker* and *Centerburg v. Fiumera* (Dec. 1, 1999), Knox App. No. 99–CA–14, 2000 WL 1454, where conflicting testimony in the record would allow us to conclude that a rational trier of fact could find the essential elements of the offense proved beyond a reasonable doubt. Having decided that the evidence is not sufficient to sustain a conviction, we do not need to address the manifest weight of the evidence issue.

{¶ 31} For these reasons, appellant's single assignment of error is sustained, the judgment of the Franklin County Municipal Court is reversed, and this case is remanded to that court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BOWMAN and LAZARUS, JJ., concur.

# 176

WILLIAM H. HARSHA III, J., of the Fourth Appellate District, sitting by assignment.