OPINION
{¶ 1} Defendant-appellant Timothy Hamsher ("appellant") appeals his conviction for vehicular homicide and failure to obey a traffic control device.
 {¶ 2} On November 8, 2001, appellant was charged with vehicular homicide and failure to obey a traffic control device. That same day, appellant had been involved in a motor vehicle accident which resulted in the death of Mary Jussila. A jury trial on the matter commenced on June 5, 2002.
 {¶ 3} David Dinger testified he was driving a truck southbound on Route 7 in Conneaut on November 8, 2001. The light at the intersection of Route 7 and Main Street was changing to yellow as he approached, causing Dinger to stop. The light turned red before Dinger stopped his truck. Dinger saw appellant's truck coming from the opposite direction. Dinger remarked to his passenger that the truck was not stopping. Dinger witnessed the collision between appellant's truck and Jussila's car. Dinger stated there was no doubt in his mind that the light was red when he stopped before appellant's truck entered the intersection. Vince Pasqualone, Dinger's passenger, confirmed that their truck had stopped for the red light a few seconds to a minute before the collision. Terry Moisio also testified that Dinger's truck was stopped for the light before the accident occurred.
 {¶ 4} Rich Decaria testified he was driving behind appellant's truck. Decaria noticed the light was red and began slowing down. Decaria observed appellant's truck drive through the red light. Appellant's truck and Jussila's car collided almost directly under the stop light. Decaria's passenger, Jesse Rabich, stated the light was red at the time of the accident.
 {¶ 5} Physical evidence at the scene, consisting of fresh gouge marks and tire marks, showed that Jussila was two-thirds of the way into the intersection at the time of impact.
 {¶ 6} Appellant testified he was driving his tractor-trailer truck northbound on Route 7 in Conneaut. Appellant testified he was driving his fully loaded truck about thirty to thirty-five m.p.h. as he approached the intersection of Route 7 and Main Street. Appellant stated the light turned yellow as he drove toward the intersection. Appellant said he continued on through the intersection because he did not have time to stop before entering the intersection. Appellant denied that the light turned red before he approached the intersection. Appellant testified he saw the automobile driven by decedent Mary Jussila a split second before the accident occurred.
 {¶ 7} At the close of evidence, the trial court overruled appellant's Crim.R. 29 motion. Appellant argued he was charged under a different revised code section, making the evidence presented and the charge invalid. On June 6, 2002, the jury returned a verdict of guilty on both counts. The trial court sentenced appellant to a six-month term of incarceration. Appellant's commercial driver's license and non-resident operating privileges were suspended for five years. The sentence was stayed pending appeal.
 {¶ 8} Appellant assigns the following error for review:
 {¶ 9} "Being based on insufficient evidence, the judgment is contrary to law."
 {¶ 10} In his assignment of error, appellant disputes the validity of his conviction, arguing the state failed to offer any evidence that there was a clearly marked stop line at the intersection. Appellant submits no argument or evidence was made below regarding where a red light requires a motorist to stop. Appellant contends it is dispositive that the stop line is the sine qua non of criminality. Therefore, the lack of any mention of a stop line, or of any evidence that appellant crossed a stop line while the light was red, is fatal to the state's case. Appellant maintains he only could have been negligent if he went across the stop line after the light was red.
 {¶ 11} Although appellant made a Crim.R. 29 motion at trial, the motion was based upon a different theory than that used to test the sufficiency of the evidence on appeal. In order to preserve a sufficiency of the evidence argument on appeal, a defendant must move for a motion for acquittal at trial. See In re Smith, 11th Dist. No. 2000-G-2321, 2001-Ohio-8753, 2001 Ohio App. LEXIS 5426. Appellant never presented any argument regarding a stop line at trial and has waived that issue on appeal.
 {¶ 12} Although appellant waived this issue, to facilitate a complete analysis in this case, we will proceed to address the merits of the argument. The function of an appellate court when reviewing the sufficiency of the evidence underlying a criminal conviction is "to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.
 {¶ 13} Appellant relies upon R.C. 4511.13(C)(1) as authority to support his argument. R.C. 4511.13(C)(1) provides that vehicular traffic, facing a steady red signal alone, must stop at a clearly marked stop line or, if no stop line is present, before entering the intersection. Appellant contends, that without any evidence that he passed a stop line, if there was one at the intersection in question, defeats the state's case as there can be no showing of negligence on his part.
 {¶ 14} Appellant was convicted of vehicular homicide, in violation of R.C. 2903.06(A)(3). Under this provision, appellant must have negligently caused the death of another while operating a motor vehicle. A person acts negligently "when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that his conduct may cause a certain result or may be of a certain nature. A person is negligent with respect to circumstances when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that such circumstances may exist." R.C. 2901.22(D). Ordinarily, the fact finder determines when a defendant crosses the line between ordinary negligence and a "substantial lapse from due care" for purposes of determining criminal culpability.State v. Mechlem (Jan. 24, 1996), 1st Dist. No. C-950328, 1996 Ohio App. LEXIS 198.
 {¶ 15} Violation of a traffic signal is a breach of due care and creates a prima facie case of negligence. Mechlem, supra. Eyewitness testimony, adduced at trial, supports the finding of the jury that appellant did not obey a traffic control device. Dinger, driving in the opposite direction from appellant, testified he had stopped at a red light before appellant entered the intersection. His testimony was bolstered by that of his passenger and Moisio. Both confirmed that Dinger was stopped at a red light prior to the collision. If the light was red before Dinger stopped, then it would have been red before appellant entered the intersection.
 {¶ 16} A vehicle may proceed through an intersection once the vehicle has entered the intersection on the yellow caution light. SeeColumbus v. Sharaf, 149 Ohio App.3d 171, 2002-Ohio-4502. However, the motorist loses the right of way if he or she does not enter the intersection before the light turned red. Hubbard v. Luchansky (1995),102 Ohio App.3d 410. Appellant's argument regarding the stop line appears to be an effort to confuse the law instead of presenting a valid legal argument for our consideration. Appellant only had the right to enter the intersection if the light was yellow at the time. The evidence shows the light was red before appellant entered the intersection. Therefore, a reasonable inference is created that appellant did indeed pass the stop line, without stopping, when the light was red.
 {¶ 17} The state presented sufficient evidence on this point to convince the jury of his guilt beyond a reasonable doubt on the charges of vehicular homicide and failure to obey a traffic signal. Appellant's first assignment of error is overruled. The judgment of the Conneaut Municipal Court is affirmed.
JUDITH A. CHRISTLEY, P.J., and WILLIAM M. O'NEILL, J., concur.